## HOLLISTER v. NATIONAL CASH REGISTER CO.

No. 6486.    Opinion Filed February 1, 1916.

(154 Pac. 1157.)

**1, 2.  CORPORATIONS — Commerce—Interstate Commerce—Power to Regulate—Foreign Corporations—Duties.** 1 and 2 the same as 1 and 2 in **Fruit Dis. Co. v. Wood**, 42 Okla. 79, 140 Pac. 1138.

**3.    EVIDENCE—Parol—Written Contract—Sales.** A contract in writing supersedes all oral negotiations or stipulations prior thereto, and if at the time of the sale a written order is given by the purchaser, duly signed by him, and later upon delivery of the article bought a note is given for the purchase price, oral testimony is incompetent to vary, change, or contradict the written order.

(Syllabus by Hooker, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by the National Cash Register Company, a corporation, against S. L. Hollister. Judgment for plaintiff, and defendant brings error. Affirmed.

*Bridges & Vertrees,* for plaintiff in error.

*N. C. Peters,* for defendant in error.

Opinion by HOOKER, C. The plaintiff in error purchased from the defendant in error two cash regis-

ters for the agreed price of $760, as evidenced by a written contract executed on the 19th day of September, 1912, which, among other things, provided that the consideration therefor was to be $760, $30 of which was paid in cash, and $30 upon the arrival of the machines, which was subsequently paid, and $700 in monthly installments, and that the registers were to be delivered f. o. b. at Dayton, Ohio. And the contract contains a further provision:

"It is expressly agreed that this order shall not be countermanded, that it covers all agreements between the parties hereto relative to this transaction, and that you shall not be bound by any representations or promises made by any agent relative to this transaction which is not embodied herein."

This contract was sent to the defendant in error at its place of business in Dayton, Ohio, and accepted by it, and the registers shipped to the plaintiff in error at her place of business in Oklahoma. The order therefor was given to its traveling salesman who made the territory in which the city where the plaintiff in error resided was located. Upon the delivery of the machine, to wit, October 9, 1912, the plaintiff in error executed a promissory note whereby she obligated herself to pay to the company $700 in monthly installments of $30, as set forth in the note. She made default in the payment of the monthly installments, and the company declared the whole debt due as provided in the note executed by her. Suit was filed upon the note by the company, and the defense interposed was: (1) That the company was not entitled to maintain the suit for the reason that it was a foreign corporation, and was not authorized to transact business in the State of Oklahoma, and that it had not

up to the time of the institution and trial of the suit filed in the office of the Secretary of State a certified copy of its charter or articles of incorporation, and had failed and refused to appoint a citizen and resident of the state capital as its agent upon whom service of process might be made; (2) that the agent of the company made certain representations which were untrue and false as to the efficiency of the registers sold to do the work which the plaintiff in error desired them to do, and which the company represented that said registers would do. Upon the trial of the cause the plaintiff in error attempted to introduce certain evidence to which an objection was sustained by the court, the purport of which evidence was that the agent of the company taking the order for the machines had with him a sample machine and attempted to demonstrate to the plaintiff in error that said registers would be a complete check upon the various clerks, and would show the articles that they sold and the amount of the sales, and would show any shortage that might occur, and when the machines arrived the defendant gave them a fair trial, and they failed to do the work for which they were purchased, and for which the agent of the company knew at the time they were purchased, and thereupon she tendered back the machines to the company, and the company refused to accept them. The court sustained objections to this evidence for the reason that the written contract between the parties expressly provided that all the stipulations and agreements and representations made with reference to the registers in question were embraced in it, and that no agent of the company had authority to make any other representations or promises, other than those embodied in

the contract, and for the additional reason that the evidence disclosed that the plaintiff in error had received from the company two identical machines which she had bought. The case then rested, and the court instructed the jury to return a verdict in favor of the company and against the plaintiff in error for the amount due upon her note. To reverse the judgment this appeal is had to this court.

There are two questions presented: First. Under the law of this state, was the transaction on the part of the company such as would require it to comply with the Oklahoma statute requiring foreign corporations transacting business in this state to file with the Secretary of State a certified copy of its articles of incorporation, and to designate an agent upon whom process might be served? Second. Did the court commit error when it directed a verdict for the company as stated above? We will now discuss the questions in the above order.

1. Under the authority of this court in the case of *Dr. Koch Vegetable Tea Co. v. Shumann*, 42 Okla. 60, 139 Pac. 1133, and also of *Fruit Dis. Co. v. Wood*, 42 Okla. 79, 140 Pac. 1138, the acts of the company in the instant case did not constitute transaction of business in this state, and the judgment of the trial court must be held upon that proposition to be correct.

2. The evidence thus sought to be introduced by the plaintiff in error does not establish fraud, or any fact or circumstance from which the jury would be authorized to find fraud. The agent of the company had a sample of the register with him, and demonstrated the same to plaintiff in error, and the order for the two machines

was given by her, and she knew at the time she gave the order just what she was buying, and the company delivered to her the machines she bought. The contract which the plaintiff in error signed excluded the introduction of evidence as to any representations made by the agent of the company which were not embraced in the contract, and under the provisions of our statute (section 942, Rev. Laws 1910) the execution of a contract in writing supersedes all the original negotiations or stipulations concerning its matter which precedes or accompanies the execution of the instrument.

This court in a multitude of cases has uniformly held that in this character of cases parol evidence is incompetent to vary or alter the terms of a written contract, and more especially is this true when the contract itself contains stipulations as in the case at bar. The plaintiff in error would be denied recovery for implied warranty under the authority of *Stanford et al. v. National Drill & Mfg. Co.,* 28 Okla. 441, 114 Pac. 734, wherein this court, quoting from the case of *Davis Drill Co. v. Mallory,* 137 Fed. 332, 69 C. C. A. 662, 69 L. R. A. 973, say:

"But no implied warranty that a machine, tool or article is suitable to accomplish a particular purpose or to do a specific work arises where the vendee orders of the manufacturer, or purchases of the dealer, a specific described or definite machine, tool, or article, although the vendor knows the purpose or work which the purchaser intends to accomplish with it, and assures him that it will effect it. Such an assurance is but the expression of an opinion, when it is followed by a written contract, complete in itself, which is silent upon the subject. The extent of the implied warranty in such case is that the machine, tool, or article shall correspond with

the description or exemplar, and that it shall be suitable to perform the ordinary work which the described machine is made to do."

.See authorities cited in the Stanford Case above.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.