## TEMPLE *v.* GATES.

4-2800

Opinion delivered January 23, 1933.

*Jones & Jones,* for appellant.

*Hal L. Norwood,* Attorney General, *Walter L. Pope, David A. Gates* and *Chas. W. Mehaffy,* for appellee.

HUMPHREYS, J. Appellant brought suit in the circuit court of Miller County against appellee to recover $796.54 income tax which he paid appellee under protest, and which was assessed by appellee, in his official capacity, against the dividend received by appellant on three thousand shares of capital stock of the Southern Pine Lumber Company, a Texas corporation. The cause

was tried by the court, sitting as a jury, upon the pleadings and an agreed statement of facts, which resulted in a dismissal of appellant's complaint, from which is this appeal.

The agreed statement of facts is, in substance, as follows:

That at all times hereinafter mentioned plaintiff was and now is a resident of the State of Arkansas. That at all such times the Southern Pine Lumber Company, hereinafter called "Company," was and now is a corporation duly incorporated, organized, and existing under the laws of the State of Texas, and that at all such times, said Company owned and operated sawmills and planing mills, all located in the State of Texas, and sold and manufactured products of said mill in many States, including the State of Arkansas, and that said Company also purchased lumber in the State of Texas and sold the same in other States, including the State of Arkansas, and that the principal executive offices of said Company were and now are located in the Texarkana National Bank Building in the city of Texarkana, Texas.

That said Company sells the manufactured products and its lumber in the State of Arkansas by and through its duly appointed and acting agent, Southern Lumber & Supply Company, a corporation duly organized and existing under the laws of the State of Arkansas. That said Company furnishes to its said agent its stock sheets, price lists, and other selling information, and the officers and agents and employees of its said agent, Southern Lumber & Supply Company, acting for and on behalf of the Company, call upon the retail lumber dealers and other prospective purchasers of lumber in the State of Arkansas and personally solicit and obtain orders for lumber from them, and its said agent transmits the orders received by it to the Company at its principal office in the city of Texarkana, Texas, and the Company passes upon the credit of the purchaser of the lumber, and if the credit of the purchaser is approved by the Company, the lumber is shipped from the

State of Texas to the purchaser in the State of Arkansas on the order so placed; the said agent of the Company having full authority to bind the Company on all orders taken by the agent under the terms and according to the stock sheets, price lists, and other selling information furnished by the Company to its said agent, except the Company reserves the right to pass upon the credit and business methods of the purchaser of the lumber.

That 99 per cent. of the sales in Arkansas are handled by shipping the lumber on open bill of lading from the mill in Texas to the customer in Arkansas. That prices are quoted by the Southern Lumber & Supply Company to the purchaser, which includes the list price of the lumber plus the freight from mill to purchaser.

That payment is usually made by the buyer by sending its personal check to the Company at Texarkana, Texas, said check being deposited by the Company in a Texas bank for collection. That in some instances, when accounts become past due, the Arkansas agent corporation aids the company in pressing payment of the account.

That the Southern Lumber & Supply Company, in its advertising, holds itself out to be the agent of the Company.

That for several years it has been the custom of the Company to send one of its office staff to the retail lumber dealers' convention in Arkansas to meet the retail lumber dealers and work with the agent corporation for the furtherance of their joint interest.

That said Southern Lumber & Supply Company has been the agent for the Company in Arkansas for five years before the filing of this complaint.

That the Company has not filed its articles of incorporation with the Secretary of State of the State of Arkansas under § 1826 of Crawford & Moses' Digest, and that, other than hereinbefore stated, the Company has no place of business in the State of Arkansas, owns no property in the State, and that the business done

by the Company with Arkansas customers was and is interstate commerce.

That in 1928 the total gross sales of the company amounted to $4,954,166.10, and the gross sales of the company in Arkansas amounted to $23,577.36.

That on September 5, 1929, the Company, under advice of counsel and believing that same was required by law, filed its corporation tax return with the Commissioner of Revenues of the State of Arkansas, and paid said Commissioner the sum of $30.48, the same being tax due on net income of the company derived from sales in the State of Arkansas during the year 1928. Said Commissioner accepted such sum subject to any readjustment that might thereafter in due course be made.

That on December 31, 1928, the Company duly declared a cash dividend of 8 per cent. on its common stock, said dividend being held by the Company payable on demand to said stockholders.

That the dividend of $24,000 on the three thousand shares of common stock owned by plaintiff herein was not included in plaintiff's income tax return for the year 1928, but that later, plaintiff paid the Commissioner of Revenues of the State of Arkansas, under written protest, the sum of $796.54, the same being the income tax on the said $24.000 as computed by the Commissioner of Revenues of the State of Arkansas in his statement of differences mailed to plaintiff on January 17, 1930.

Appellant contends that the trial court erred in including, in his gross income, dividends received by him on his stock in the Southern Pine Lumber Company because said Company, itself, was properly assessable for income tax in Arkansas. He bases this contention on § 3, (b) of the Arkansas Income Tax Act, which provides that, in computing the gross income, from which deductions are to be made in arriving at the net income assessable under said act, there shall be exempted dividends payable to the taxpayer which have been received from stock in any corporation, the income of which was

assessable for the preceding year under the provisions of the act. In order to determine whether the court erred in so doing, it is necessary to ascertain whether the Southern Pine Lumber Company itself was subject to the assessment and payment of an income tax in this State. If it was, then the dividend derived from the stock owned by appellant was exempt from the imposition of an income tax under subdivision (b) of § 3 of the Income Tax Act. The agreed statement of facts reflects that the Southern Pine Lumber Company is a foreign corporation organized and doing business under the laws of the State of Texas. The Arkansas Income Tax Act imposes an income tax on the net income of foreign corporations doing business in Arkansas. Subdivision (c) of § 3 of the Income Tax Act is, in part, as follows:

"A like tax is hereby imposed * * * with respect to the entire net income as herein defined except as hereinafter provided * * * from every business, trade, or occupation carried on in this State by * * * corporations * * * not residents of the State of Arkanesas."

This statute means that if a foreign corporation conducts a business in this State, it must pay an income tax fixed upon its entire net income. The statute has no relation whatever to profits gained from interstate transactions by a corporation conducting a business in another State. In order to subject a foreign corporation to the payment of the income tax imposed by the statute in question, the business transacted by it in this State "must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction." *Gillen* v. *Hessig-Ellis Drug Company*, 181 Ark. 386, 26 S. W. (2d) 122. The substance of the agreed statement of facts warrants no such inference in the instant case. The agreed statement of facts shows that the Southern Pine Lumber Company was organized under the laws of, and has its business situs in Texas, where it conducts its business. It has never qualified to do business in this State in ac-

cordance with our statute. The transactions between it and the citizens of this State were interstate in nature and character.

The judgment is therefore affirmed.