## CURLEE CLOTHING CO. v. OKLAHOMA TAX COMMISSION et al. (ALUMINUM COOKING UTENSIL CO., Intervener).

No. 27526. May 18, 1937.

Rehearing Denied June 8, 1937.

Miley, Hoffman, Williams, France & Johnson, Francis M. Curlee, and Richard F. Moll, for plaintiff.

C. D. Cund, C. W. King, and A. L. Herr, for defendant.

Ames, Cochran, Monnet, Hayes & Ames and Smith, Buchanan, Scott & Ingersoll, for intervener.

Ladner, Logsdon & Livingston, Rittenhouse, Webster & Rittenhouse, Hayes, Richardson, Shartel, Gilliland & Jordan, Cruce, Satterfield & Grigsby, John W.

Mather, Irwin N. Walker and Peter B. Atwood, Tom W. Garrett (Garrett, Goodson & Rigsby), Samuel Calhoun, and Charles Welsey Dunn, amici curiae.

GIBSON, J. This is an original action commenced by Curlee Clothing Company, a foreign corporation, against the Oklahoma Tax Commission to enjoin the collection of income taxes assessed against it by said commission for the years 1931 to 1935, both inclusive.

Plaintiff protested the assessments on the ground that it was a foreign corporation, not licensed to transact business in Oklahoma, had no property and had transacted no business within the state from which an income had been derived. The protest was denied, and the protestant now seeks by this action to enjoin the collection of the tax.

Plaintiff is a clothing manufacturer with offices in Missouri and Kentucky. It has no property or established place of business in this state, but takes orders in the state for clothing through salesmen sent out from the office in Missouri. The Tax Commission admits that the income sought to be taxed is derived wholly from interstate business, but contends that the income derived from the clothing delivered in Oklahoma is subject to the tax.

Plaintiff says that the assessment constitutes an unlawful interference with the exclusive power of Congress to regulate interstate commerce as provided in article 1, section 8, of the federal Constitution; and is a violation of the Fifth and Fourteenth amendments thereof in that the action of the commission would deprive it of its property without due process of law.

The principal question here presented is whether the sovereign power of the state extends over the object to be taxed. McCulloch v. Maryland, 4 Wheat. (U. S.) 316. Concerning the power of the state to levy a tax on incomes, the rule is stated in Cooley on Taxation (4th Ed.) vol. 4, sec. 1753, as follows:

"Where an income is taxed the recipient thereof must either have a domicile within the state or else the property or business out of which the income issues must be within the state."

Upon the same subject the Supreme Court of the United States in Shaffer v. Carter, 252 U. S. 37, said:

"As to nonresidents, the jurisdiction extends only to their property owned within the state and their business, trade or

profession carried on therein, and the tax is only on such income as is derived from those sources."

In the instant case the plaintiff was a nonresident and owned no property within the state. If its net income is to be taxed, it is necessary that such income be derived from business transacted by it in this state.

It was held in the Shaffer Case, above, that "net income derived from interstate commerce is taxable under a state law providing for a general income tax." The Oklahoma Income Tax Laws of 1931, 1933, and 1935 (sec. 12501, O. S. 1931; sec. 6, ch. 195, S. L. 1933; sec. 6, art. 6, ch. 66, S. L. 1935) here in question are broad enough in their provisions to include income received from interstate commerce. But if the state is without jurisdiction of the person to be taxed, or the property or the business from which the income issued, to exact a tax from the recipient thereof would constitute a taking of his property without due process of law. Alpha Portland Cement Co. v. Massachusetts, 268 U. S. 203; Safe Deposit & Trust Co. of Baltimore v. Virginia, 280 U. S. 83.

This court has repeatedly held that the sale of goods by a foreign corporation through soliciting agents, who take orders subject to approval of the company at its home office, does not constitute doing business within this state. Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 P. 872; Dr. Koch Vegetable Tea Co. v. Shumann, 42 Okla. 60, 139 P. 1133; Hollister v. National Cash Register Co., 55 Okla. 214, 154 P. 1157; Auto Trading Co. v. Williams, 71 Okla. 302, 177 P. 583.

The foregoing rule should, and does, apply as well to questions of taxation as to regulatory and other matters pertaining to foreign corporations.

Such was the holding of the Supreme Court of Arkansas in Temple v. Gates, 56 S. W. (2d) 417. The Arkansas statute provided for a tax upon the net income derived from every business, trade, or occupation carried on within the state by corporations not residents thereof. In that case the court. when considering the question of income tax of an unlicensed foreign corporation whose income was derived from an interstate business of the character transacted by the plaintiff here, held as follows:

"The statute has no relation whatever, to profits gained from interstate transactions by a corporation conducting business in another state. In order to subject a foreign corporation to the payment of the income tax imposed by the statute in question. the business transacted by it in this state 'must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction.' "

The Arkansas statute is as broad in its provisions as are the statutes here under consideration. We agree with the holding in that case as a correct statement of the law.

Since the sovereign power of the state did not extend to the business from which the income arose in the instant case, and the plaintiff was not a resident here, the commission was without jurisdiction to levy the tax complained of, and an enforcement of its order would constitute a taking of plaintiff's property without due process of law.

The writ, as prayed for, should be granted.

The intervener, the Aluminum Cooking Utensil Company, a foreign corporation, seeks like relief against the commission. The facts as to its residence, business, and the conduct thereof are in all essentials similar to that of the Curlee Clothing Company, plaintiff herein, except the intervener maintained one employee in Oklahoma whose business was to employ soliciting and demonstration agents here for the purpose of demonstrating and taking orders for the intervener's products. These agents were supplied with sample cases, and usually collected 20 per cent. of the agreed purchase price of the articles for which orders were taken. These orders were subject to examination and approval by the company at its home office and the goods shipped to the customer in Oklahoma by post or express either C. O. D. or on open account. Other than the 20 per cent. collected at the time of taking the order, the agents were not authorized to make collections for the goods sold and delivered.

The commission contends that the foregoing activities taken together constituted doing business in the state. Clement v. Coon, 161 Okla. 216, 18 P. (2d) 1059; Wills v. National Mineral Co., 176 Okla. 193, 55 P. (2d) 449.

In the cited cases the agents were authorized to make deliveries and collections and to transact business generally for the principal. Here no authority was given agents to make deliveries nor to make collections subsequent to the acceptance of the

contract of purchase. The fact that advance collections were authorized did not serve to complete the sale in Oklahoma. Hollister v. National Cash Register Co., 55 Okla. 214, 154 P. 1157. The facts as related do not constitute doing business here, and the commission was without authority to assess an income tax upon the income derived from the intervener's business.

The writs as prayed for in the petition and in the petition of intervention are granted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and HURST, JJ., concur. RILEY, WELCH, and PHELPS, JJ., absent.