ROCK ISLAND REFINING CO. v. OKLAHOMA TAX COMMISSION.

No. 31555. Dec. 21, 1943.

Rehearing Denied Feb. 1, 1944.

*145 P. 2d 194.*

Brown & Cund, of Duncan, for plaintiff in error.

E. L. Mitchell, A. L. Herr, and C. W. King, all of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This action was instituted in district court by Rock Island Refining Company pursuant to statutory authority against Oklahoma Tax Commission to recover certain income taxes paid under protest.

The taxes in question represented additional assessments made against plaintiff for each of the years 1939, 1940, and 1941.

The plaintiff, acting upon the theory that its income for those years was derived both from intrastate and interstate business within the meaning of 68 O. S. 1941 § 876, proceeded by statutory formula (68 O. S. 1941 § 878) to allocate for taxation in Oklahoma only the portion thereof attributable to business

transacted wholly within the state, and submitted each of its annual returns accordingly.

The commission disagreed with that theory and proceeded to make an additional assessment for each of said years to include the net income from that portion of the business said by plaintiff to be interstate commerce.

The cause was submitted on an agreed statement of facts wherein it is shown that plaintiff is a domestic corporation with its principal place of business at Duncan. It operates an oil refinery near that city, and owns no property outside this state. It markets its products both here and in other states.

According to the stipulation, all sales were consummated through the aid of plaintiff's traveling agents who solicited orders and forwarded the same to plaintiff at Duncan for approval and acceptance. Upon acceptance of orders the products were delivered to the common carrier consigned to the customers f.o.b. the refinery. Title passed to the purchaser on delivery to the carrier. Payment of the purchase price was made direct to plaintiff by remittance through the mails. The agents had no authority to enter into binding contracts with customers. They were limited to soliciting and taking orders.

The amount of plaintiff's net income for each of said years was also agreed upon; and the allocation as made by plaintiff was correct in event the circumstances permitted statutory allocation.

Plaintiff charges that the commission, in making the additional assessment for said years, and refusing to approve the allocation, and denying its right to apportionment as aforesaid, acted arbitrarily and in violation of the Oklahoma Income Tax Law (68 O. S. 1941, ch. 21), and directly contrary to section 876, supra, a portion of said law; that the denial of the apportionment, and making the additional assessments against the net income so allocated by plaintiff to interstate business, operated to de-prive plaintiff of its property without due process of law, and was in violation of the commerce clause of the Constitution of the United States as a direct burden on interstate commerce (14th Amendment; sec. 8, art. 1).

The controversy involves principally the interpretation and application of section 876, supra. The material portion thereof reads as follows:

"A tax is hereby levied upon every person as defined in Section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person, which is derived from all property owned and/or business transacted within this State. And a like tax is hereby levied upon every person as defined in Section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person which is derived from all property owned partly within and partly without this State and/or business done partly within and partly without this State (commonly known as interstate business), such income derived from property owned partly within and partly without this State and/or business transacted partly within and partly without this State, upon which said tax is hereby levied, to be determined or allocated under the formula or formulae as provided in Section 8 of this Act."

Section 8 therein referred to is now section 878 of Title 68, above.

Plaintiff contends that although the levy is made to extend to the net income of the taxpayer derived from business done both within and without the state, the language employed in section 876 nevertheless reveals a clear intention on the part of the Legislature to allow deductions, or to exclude from the income to which the assessment shall extend, all net income derived from interstate business regardless of where the sales were consummated, whether here or elsewhere. Those products, says plaintiff, that were shipped to customers outside the state moved in interstate commerce; the shipments constituted "business done partly within and partly without this state (commonly known as in-

terstate business)," within the meaning of said section.

Plaintiff insists that the Legislature, proceeding with due regard to the commerce clause aforesaid, has provided that the portion of the net income of a taxpayer derived from business "commonly known as interstate business" shall be deducted from his total net income through the process of statutory allocation, thereby measuring his tax by the total net income less so much thereof as was derived from the sale of goods moving in interstate commerce.

It is plaintiff's specific contention that its entire net income for the years here involved fell within that class defined in section 876 as net income derived from business done partly within and partly without the state, and, in construing the act as a whole, it was not the intention of the Legislature to subject all such net income to the tax, but to allocate to Oklahoma for taxation only so much thereof as was not derived from interstate commerce.

It is the method employed by the commission in this case for the enforcement of the act that will allegedly result in violation of plaintiff's constitutional safeguard; the act itself is not so attacked.

It is said that if the assessment on the net income from interstate shipments stands, the commission will be levying a tax without jurisdictional power, and will thereby deprive plaintiff of its property without due process of law, and, in addition to that objection, the tax will constitute a direct burden on interstate commerce in violation of section 8, art. 1, supra.

It is stipulated that if the circumstances of this case present a situation wherein allocation is authorized, the manner in which plaintiff's business was conducted would make impracticable a direct allocation to Oklahoma of any portion of the net income, and that the method of allocation as adopted by plaintiff in its annual returns was proper.

As said above, plaintiff contends that the Legislature intended that net income derived from interstate commerce, that is, in this case, income derived from sale of goods consummated here but to be transported to the purchasers through interstate shipments, should be segregated from income derived from sales to local customers, and allocated for taxation purposes accordingly. It is urged that a contrary interpretation as placed upon the statute by the commission would make the same objectionable as placing a direct burden upon interstate commerce. Without a reasonable method or formula for segregating the net income derived from interstate commerce from the net income derived from local business, and excluding the former from the assessment, would, according to plaintiff, place an unconstitutional burden on interstate commerce. J. D. Adams Mfg. Co. v. Storen, 304 U. S. 307, 82 L. Ed. 1365, 58 S. Ct. 913, 117 A. L. R. 429.

The defendant commission makes no serious contention that the shipment of plaintiff's products to customers outside the state did not constitute interstate commerce. That they were, is not open to doubt (National Labor Relations Board v. Fainblatt, 306 U. S. 601, 83 L. Ed. 1014, 59 S. Ct. 668); and, "where goods are purchased in one state for transportation to another, the commerce includes the purchase quite as much as it does the transportation." Currin v. Wallace, 306 U. S. 1, 83 L. Ed. 441, 59 S. Ct. 379.

That plaintiff's net income was derived from both interstate and domestic commerce, is not subject to doubt.

In the face of that fact, plaintiff states the one question: Has a state the power, under the Federal Constitution, to assess or levy a tax on a domestic corporation measured by its net income derived from both interstate and intrastate commerce?

Generally speaking, unless in the collection of an income tax on net income derived from transactions in interstate commerce there is evident discrimina-

tion against such commerce in the admeasurement of the tax or in the means adopted for enforcing it, the collection of the tax is subject to no constitutional objection as being a burden on interstate commerce. United States Glue Co. v. Town of Oak Creek, 247 U. S. 321, 62 L. Ed. 1135, 38 S. Ct. 499. And the commerce c l a u s e protects interstate commerce from state taxation that is measured by the entire volume of the commerce. Gwin, White and Prince, Inc., v. Henneford, 305 U. S. 434, 83 L. Ed. 272, 59 S. Ct. 325.

Plaintiff says the commission here would measure the tax by the entire volume of its interstate commerce, or, more specifically, would measure the tax by all its net income from the entire volume of its interstate commerce.

But, the mere fact that goods, after their sale, move in interstate commerce does not always classify the receipts from the sale thereof as income derived from interstate commerce within the meaning of the decisions striking down state taxation as a burden upon or a regulation of such commerce contrary to article 1, section 8, U. S. Constitution.

Though the commerce may include the purchase in this state quite as much as it does the transportation (Currin v. Wallace, supra), unless the vice of double taxation enter into the transaction, to tax the whole of the net income derived from the local sales could result in no burden upon or discrimination against interstate commerce. The objection to such taxation is found in the prospect of multiple tax burdens. Adams Mfg. Co. v. Storen, supra.

In the latter case the court had under consideration a somewhat similar situation. In holding that the proposed taxation was a forbidden interference with interstate commerce, the court said:

"The vice of the statute as applied to receipts from interstate sales is that the tax includes in its measure, without apportionment, receipts derived from activities in interstate commerce; and that the exaction is of such a character that if lawful it may in substance be laid to the fullest extent by states in which the goods are sold as well as those in which they are manufactured. Interstate commerce would thus be subjected to the risk of a double tax burden to which intrastate commerce is not exposed, and which the commerce clause forbids. We have repeatedly held that such a tax is a regulation of, and a burden upon, interstate commerce prohibited by article 1, section 8, of the Constitution."

The objection to the tax as voiced in that case does not apply here. There, the goods were said to have been manufactured in one state and sold in another. Here, all the goods were manufactured and all sales completed in this state. Title passed here, and the taxpayer was done with the transaction upon delivery of the goods f. o. b. the carrier. The net income was therefore "derived from . . . business transacted within this state," within the meaning of said section 876, and not from "business done partly within and partly without this state (commonly known as interstate business)."

Interstate commerce and interstate business are not exact interchangeable terms in all cases when applied to questions of taxation as burdens on interstate commerce. It is true that such commerce includes the sale as well as the transportation as a general rule, but interstate business, as employed by the Legislature, means business transacted in part here and in part elsewhere. In the instant case none of the business, so far as the sale and delivery were concerned, was transacted anywhere but here. No other state could have touched the income therefrom for the purpose of taxation. Curlee Clothing Co. v. Oklahoma Tax Comm., 180 Okla. 116, 68 P. 2d 834. See, also, Western Live Stock v. Bureau of Revenue, 303 U. S. 250, 82 L. Ed. 823, 58 S. Ct. 546, 115 A. L. R. 944.

We are unable to agree with plaintiff that the Legislature intended to exclude from the levy income that is clearly subject to taxation by the state. If we are to accept the interpretation as placed upon the statute by plaintiff, we should be compelled to hold that the Legisla-

ture intended to exclude certain net income derived from business transacted within the state and thus nullify in part the provision levying the tax "upon every person as defined in section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person, which is derived from all . . . business transacted within this state." We say this for the reason that the net profit or income arising from the sale of the merchandise delivered to the interstate carrier was derived from business transacted wholly within the state. It is of no importance that the income was the result of sales of goods to be moved in interstate commerce. Compania General, etc., v. Collector of Internal Revenue, 279 U. S. 306, 49 S. Ct. 304. We held in the Curlee Clothing Co. Case, above, that the taxing power of this state cannot reach the net income of a nonresident derived from transactions of this identical nature consummated in another state, and to levy a tax measured by such income would result in depriving the seller of his property without due process of law.

Therefore, other states cannot reach the net income of the resident taxpayer derived from the transactions here involved, and due process is preserved.

Our statute was properly interpreted and applied by the commission in this case. We are unable to perceive wherein the tax as here assessed could in any manner interfere with interstate commerce, in the absence of a federal statute to the contrary enacted pursuant to the commerce clause.

There was no occasion for apportionment here. None of the income was earned elsewhere.

The statute properly provides a method for the assessment and collection of the state's portion of the tax where the income arises from interstate commerce in cases where our taxing power can attach. But this is not a case for employing that method.

Since the entire net income of the taxpayer was derived from business transacted within Oklahoma, it was all properly taxable here, and the commission in so assessing the tax did not exceed its authority.

The judgment of the trial court is affirmed.

CORN, C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., concurs in conclusion.