

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 19, 1962

Mr. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-1503

Re: Whether receipts from
certain transactions
are derived from "busi-
ness done in Texas" for
purpose of computation
of corporate franchise

Dear Mr. Calvert:
tax.

   You ask the Attorney General whether the proceeds from
sales of certain petroleum products are includable in the seller's
gross receipts from its business done in Texas in ascertaining the
seller's franchise tax payable under Article 7084 and Chapter 12
of Title 122A, Taxation-General, Vernon's Civil Statutes.

   The controlling facts are:

1. The taxpayer is an independent oil com-
pany chartered in the State of Delaware
with a permit to do business in Texas.

2. Its principal office is in Dallas, Texas.

3. It has refineries at Corpus Christi and
Port Isabel, Texas.

4. It does business in several states and
several foreign countries.

5. It maintains sales offices, bank accounts
and numerous employees in at least three
foreign states.

6. Many of the sales of products from the
two refineries in Texas are initiated by
the company's sales representatives working
in states other than Texas.

7. Payment is generally made at the buyer's
place of business outside the State of
Texas.

8.  Passage of title to the petroleum pro-
    ducts passes from the taxpayer to the
    purchaser F.O.B. the loading points at
    Corpus Christi and Port Isabel.

Our answer to your inquiry is that the proceeds from
the sales of the petroleum products under consideration are not
receipts from "business done in Texas", as defined in Articles
7084 and 12.02, V.C.S.  They should not be included as gross
receipts from business done in Texas in ascertaining the fran-
chise tax due by the oil company.

The sale, transportation and delivery of petroleum pro-
ducts from the refineries at Corpus Christi and Port Isabel to
points outside of Texas is clearly interstate commerce.

Article 7084, V.C.S., imposed a franchise tax for the
period of time under consideration beginning with the year 1956
to September 1, 1959.  It used the phrase "gross receipts from
its business done in Texas", as does Article 12.02 of Title 122A
which supersedes it.  Article 12.02 of Title 122A, Tax.-Gen.,
V.C.S., effective September 1, 1959, in its pertinent portion
states that,

    ". . . the term 'gross receipts from
its business done in Texas' shall include:

    "(a) Sales of tangible personal property
located within Texas at the time of the
receipt of or appropriation to the orders
where shipment is made to points within
this State,

    "(b) Services performed within Texas,

    ". . .

    "(d) All other business receipts within
Texas. . . ."

(Underscoring added.)

This phrase "business done in Texas" was defined in Clark v.
Atlantic Pipe Line Co., 134 S.W.2d 322 (Civ. App. 1939, error
ref.) to mean,

    ". . . business begun and completed in
Texas, and not business begun in Texas
and completed in some other state or

foreign nation, or vice versa. In other
words, that it means intrastate business."

This definition was subsequently used and approved in determining the decision in Flowers v. Pan American Refining Corporation, 154 S.W.2d 982 (Civ. App. 1941, error ref.). The facts in these two cases were very similar to the facts under consideration.

Texas has no statutory provisions authorizing apportionment of receipts from interstate commerce for purpose of state taxation as exemplified in Rock Island Refining Co. v. Oklahoma Tax Commission, 145 P.2d 194 (Okla. Sup. 1944); El Dorado Oil Works v. McColgan, 215 P.2d 4 (Cal. Sup. 1950).

## SUMMARY

Receipts from the transactions considered
are not derived from "business done in Texas".

They should not be included as gross receipts
from business done in Texas in ascertaining the
franchise tax due by the corporation.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: W. E. Allen
W. E. Allen
Assistant Attorney General

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Norman Suarez
W. O. Shultz
Cecil Rotsch

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore