ROCK ISLAND REFINING CO. v. OKLAHOMA TAX COMMISSION.

No. 30952. March 2, 1943.

Rehearing Denied April 6, 1944.

*147 P. 2d 1000.*

Brown & Cund, of Duncan, for plaintiff in error.

E. L. Mitchell, of Clinton, and A. L. Herr and C. W. King, both of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This action was instituted in district court by Rock Island Refining Company pursuant to statutory authority against Oklahoma Tax Commission to recover certain income taxes paid under protest. Judgment was for defendant, and plaintiff appeals.

The taxes in question represented an additional assessment made against plaintiff for the year 1937.

The plaintiff, acting upon the theory that its income for that year was derived from business done both within and without the state, proceeded by statutory formula to allocate for taxation in Oklahoma only the portion

thereof attributable to business done here, and submitted its return accordingly.

The commission disagreed with that theory and proceeded to make an additional assessment to include the net income from business reported as done outside the state. This action on the part of the commission was taken on the assumption that all of plaintiff's business was done in Oklahoma.

The cause was submitted on an agreed statement of facts wherein it is shown that plaintiff is a domestic corporation with its principal place of business at Duncan. It operates an oil refinery near that city, and markets its products both within and without the state.

Those products shipped to customers outside the state were sold through the aid of plaintiff's traveling agents who solicited orders and forwarded the same to plaintiff at Duncan for approval and acceptance. Upon acceptance of the orders the products were delivered to the common carrier consigned to the customers f.o.b. the refinery. Title passed to the purchaser on delivery to the carrier. Payment of the purchase price was made direct to plaintiff by remittance through the mails. The agents had no authority to enter into binding contracts with customers. They were limited to soliciting and taking orders. The amount of plaintiff's total net income for 1937 was also agreed upon.

In its petition plaintiff charges that the commission in assessing the income tax for the year in question without apportionment acted arbitrarily and in violation of the Oklahoma Income Tax Law of 1935 (article 6, chapter 66, S. L. 1935), and directly contrary to section 6 thereof (68 O. S. 1941 § 876); that such assessment, without apportionment, operated to deprive plaintiff of its property without due process of law, and was in violation of the commerce clause of the Constitution of the United States as a direct burden on interstate commerce.

The controversy involves principally the application of section 6 of the act, supra. The material portion thereof reads as follows:

"A tax is hereby levied upon every person as defined in section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person, which is derived from all property owned and/or business transacted within this state. And a like tax is hereby levied upon every person as defined in section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net income of such person which is derived from all property owned partly within and partly without this state and/or business done partly within and partly without this state (commonly known as interstate business), such income derived from property owned partly within and partly without this state and/or business transacted partly within and partly without this state, upon which said tax is hereby levied, to be determined or allocated under the formula or formulae as provided in section 8 of this act."

Plaintiff's contention is that for the purposes of taxation the net income derived from its business should have been allocated between the State of Oklahoma and other states to which its products were shipped.

The commission contends that the agreed facts show conclusively that all the income came directly from business done entirely within the state, and was therefore taxable here, and consequently there was no occasion for allocation.

The parties agree that the shipments to other states constituted interstate commerce. And so it did, for, as said in effect in National Labor Relations Board v. Fainblatt, 306 U. S. 601, 59 S. Ct. 668, 83 L. Ed. 1014, transportation alone across state lines is commerce within the constitutional control of the national government and subject to the regulatory power of Congress, regardless of whether title to the merchandise passes before or after such transportation.

The right of the state to tax net income derived from interstate commerce is so well established that we need give but little attention to the question here. In Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 64 L. Ed. 445, the court held that net income derived from interstate commerce is taxable under a state law providing for a general income tax. See, also, Chain Belt Co. v. Oklahoma Tax Commission, 189 Okla. 248, 116 P. 2d 899.

Plaintiff's principal contention is that section 6 of the act, supra, discloses a clear intention on the part of the Legislature that allocation pursuant to the formula therein mentioned should be the rule in every case where the income is derived both from intrastate and interstate business. Plaintiff's conclusion in this respect springs from its interpretation of the parenthetical clause contained in said section 6, to wit, "(commonly known as interstate business)," with relation to its modification or explanation of the preceding provision. It is said that the Legislature clearly intended that "business done partly within and partly without this state" was to be considered in all cases as interstate commerce, and since the foreign shipments constituted interstate commerce, segregation of that business from local business, and allocation accordingly, cannot be escaped if the legislative intent is to be respected.

But we are unable to agree that the Legislature intended deliberately to exclude from the levy income that is clearly subject to taxation by the state. If we are to accept the interpretation as placed upon the statute by plaintiff, we should be compelled to hold that the Legislature intended to exclude certain net income derived from business transacted within the state, and thus nullify the provision levying the tax "upon every person as defined in section 4 (b), which tax shall be collected and paid, for each taxable year, upon, and with respect to, the entire net in-

come of such person which is derived from all . . . business transacted within this state." We say this for the reason that the net profit or income arising from the sale of the merchandise delivered by interstate shipment was derived from business transacted wholly within the state.

The principal question in this case is, Where was the net income earned? Wherever it was earned, there the business was transacted. And it is of no importance that the income was the result of sales of goods to be moved in interstate commerce. Compania General, etc., v. Collector of Internal Revenue, 279 U. S. 306, 49 S. Ct. 304.

In the instant case the sales were made here and title passed here. The gross income arose from those business transactions. Where payment took place was of no material consequence. Commissioner of Int. Rev. v. East Coast Oil Co., 85 Fed. 2d 322. See, also, Curlee Clothing Co. v. Oklahoma Tax Commission, 180 Okla. 116, 68 P. 2d 834.

The plain purpose of allocation was to provide a method for apportioning to this state its proper share of revenue from net income of the taxpayer arising from business transacted here and elsewhere. Where the local and foreign transactions and the net income therefrom are clearly discernible, direct allocation is made accordingly. We see in the act no purpose to lay a tax on income derived from business transacted outside the state. That income and the income from local transactions are combined in the levy, but the purpose thereof was to apportion to this state by a fair and recognized method of computation its share of the whole net income of the taxpayer as will most nearly represent the portion attributable to local business transactions.

Since the entire net income of the taxpayer was derived from business transacted within Oklahoma, it was all properly taxable here, and the com-

mission in so assessing the tax did not exceed its authority.

The judgment of the trial court is therefore affirmed.

CORN, C.J., and WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.