**WESTERN AUTO SUPPLY COMPANY, Plaintiff in Error,**

v.

**OKLAHOMA TAX COMMISSION, Defendant in Error.**

No. 37861.

Supreme Court of Oklahoma.

June 10, 1958.

Rehearing Denied July 30, 1958.

Ames, Daugherty, Bynum & Black, Oklahoma City, for plaintiff in error.

R. F. Barry, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error, hereinafter referred to as appellant, is a Missouri corporation, with its main office and principal place of business at Kansas City, Missouri. It also transacts business in Oklahoma and several other states. The issues involved herein have a direct bearing upon what portion of appellant's income for the years 1950–1954, both inclusive, is taxable under Oklahoma's Income Tax Law, Tit. 68 O.S.1951 § 871 et seq.

Appellant's business is both wholesale and retail. Its retail business is transacted through stores owned and operated solely by it. In the wholesale part of its business, however, it not only serves these stores,

but also sells merchandise to many other retail outlets in the state called "Associate" stores (not owned or operated by it) out of three of its warehouses located in Missouri, Kansas and Texas, respectively. In the transaction of this wholesale business, the merchandise involved is shipped "f. o. b." these warehouses, pursuant to orders sent them by the retailers. During the years in question, appellant used what is referred to as the "direct accounting method" for computing its Oklahoma income tax. In the computation of said tax by that method, no income from the above-described wholesale transactions with associate stores was included, and it paid no tax thereon.

After appellant's tax returns for these years were filed, defendant in error, hereinafter referred to merely as the "Commission", assessed appellant with additional amounts of income tax arrived at by computing its Oklahoma income as that of a "unitary business", by the three-factor, or ratio, formula (prescribed by sec. 878(g) of the afore-cited law) in which computation the above claimed "out-of-state" wholesale business was taken into consideration at least indirectly. This assessment totaled $13,136.24 more than the total sum of income taxes appellant had paid Oklahoma for the five years in question. Appellant protested $5,183.99 of this assessment (which sum includes a total of $943.62 in interest on the assessment increases for the 5 years) but the Commission, by order, denied said protest and refused appellant's application for a refund thereof. Appellant then paid the entire assessment, still protesting $5,183.99 of it, and thereafter instituted the present district court action against the Commission for recovery of said latter amount.

In its petition filed in said court, hereinafter referred to as the trial court, appellant signified its acquiescence in the above-mentioned "unitary business" method of computing its tax, but alleged that the Commission had erred in its computation in the manner hereinafter described.

The unitary business of a taxpayer encompasses certain matters having to do with the production of its income in all of the states in which it operates. As its income from such business would be difficult, if not wholly impossible in most instances, to accurately segregate, or allocate, within the boundaries of a particular state—without unrealistic and inequitable results—the problem is solved, under the three-factor method, by arbitrarily attributing to said state, a fraction, or percentage, of the taxpayer's income as a whole—derived from business transacted in all of the States in which it operates. Under this method, the amount of income tax, the taxpayer is obliged to pay a particular state, depends upon how large a share of its entire income is thus attributed to its business in that state. Under the Oklahoma Law, this fraction or percentage is computed under its sec. 878 (g), which reads in part as follows:

"* * * The portion of * * * net income * * * which represents the net income earned * * * within this State shall be determined on the basis of the arithmetical average of the factors enumerated below in paragraphs (1), (2), and (3). * * * The phrase *'antecedent term', as used in this sub-section means* (according to the context) investment, expenditures, *sales* or other substituted factor, within *Oklahoma.*

"(1) The ratio of the average accumulated *investment* at the beginning and close of the taxable year in tangible property, both real and personal, owned and used in Oklahoma by the taxpayer in connection with the enterprise, to the total of such investment in like property so owned and used by the taxpayer everywhere.

\* \* \* \* \* \*

"(2) The ratio of the *expenditure* in furtherance of the enterprise, for direct costs of operation within Oklahoma to the total of such expenditures everywhere.

\* \* \* \* \* \*

"(3) The ratio of gross *sales* or gross revenue of the enterprise,

* * * *within Oklahoma* to the total of such sales or revenue everywhere.

"*In the case of a manufacturing or mercantile enterprise, the antecedent term of the ratio shall include the gross amount of all sales whereby goods or materials are, by taxpayer, or pursuant to his direction,* * * *

"(B) shipped to purchaser: * * *

"(2) *from a point outside this State to a point within this State* * * *."

(Emphasis ours.)

The alleged errors which, in the trial court, appellant claimed resulted in the alleged excessive assessment, were three in number and pertained to the factors described in "(2)" and "(3)" above. As to "(2)", it claimed the Commission erred in including in the ratio of its expenditures within Oklahoma, to those "everywhere", the amounts of income tax, for the years in question, appellant paid states other than Oklahoma. As to "(3)", it claimed that the Commission erred in including in the antecedent term of the ratio (or numerator of the fraction) of its sales within Oklahoma to those in all states, the proceeds of the hereinbefore described sales from its warehouses in other states to associate stores, and in also including in said ratio the proceeds of certain fixtures, called "capital assets", which were located and sold wholly outside Oklahoma.

The trial court held against appellant's contention as to the above-described "sales whereby merchandise was shipped f. o. b.", its Missouri, Kansas, and Texas warehouses upon orders received from its associate stores, but upheld its position as to "(2)", supra, and as to that part of "(3)" dealing with the fixtures. The judgment, entered in accord with its findings, decreed appellant's recovery back from the Commission (on account of its holding on the latter two points) of $340.74 of the afore-cited sum of income taxes it had paid for the years in question, together with interest and the costs of the action.

The judgment specifically allowed the Commission to retain the balance of the afore-mentioned total sum it had collected from appellant. The latter herein appeals from that part of the judgment; and the Commission appeals from the above-mentioned part dealing with "(2)", supra, and the proceeds of the fixtures.

In its reply brief filed herein, appellant has abandoned its contention with reference to the alleged erroneous inclusion, in factor "(3)", supra, as aforesaid, of the proceeds of the fixtures. Accordingly, the trial court's judgment to the contrary will herein be reversed as to that phase of the case, without further discussion.

Obviously, the Commission's addition to the proceeds of appellant's retail sales through its own Oklahoma stores, of said company's wholesale sales to associate stores, in the computation of its "sales within Oklahoma" not only increased the ratio of such sales to its sales everywhere, rendering factor "(3)" larger than it otherwise would have been, but such inclusion also increased the "arithmetical average", or numerator of the fraction, used in arriving at the portion of appellant's total income "everywhere" that is taxable as Oklahoma income. Appellant calls our attention to the fact that the orders for these sales were accepted, the merchandise shipped, and the remittances therefor received, at warehouses beyond the boundaries of Oklahoma. It quotes parts of this Court's opinion in the Rock Island Refining Co. v. Oklahoma Tax Commission Cases, 193 Okl. 468, 145 P.2d 194, and 194 Okl. 349, 147 P.2d 1000, in support of its contention that those sales cannot be considered in factor, or ratio, "(3)", supra. They say that, judging the sales here involved on the basis of the same characteristics that made "sales within Oklahoma" out of the refining company's sales in those cases, the wholesale sales involved in this case would be sales in the aforesaid states where its warehouses were located, and not attributable to Oklahoma for income tax purposes. This entire argument must stand or fall on the question of what sales are to be included in the figure to be used as the antecedent term, or numerator, in the ratio, or fraction, representing the portion of appellant's sales

**418**

"everywhere" that must, under sec. 878(g), supra, be attributed to Oklahoma.

 As will be noted, sub-paragraph (3) of said paragraph (g) uses the expression "within Oklahoma" in referring to sales attributable to Oklahoma for the purpose of being included in said numerator, or antecedent term; and the definition of "The phrase 'antecedent term'", appearing in paragraph (g) immediately preceding the delineation of the three factors or ratios, also refers to: " * * * sales * * within Oklahoma." As we see it, however, it is not for us to concern ourselves in this case with attempting to determine whether the wholesale sales involved here would generally, or otherwise, be considered Oklahoma sales—because it is conceded that appellant is a "mercantile enterprise"—and, as hereinbefore quoted there is a specific provision appearing in subparagraph (3) of paragraph (g), dealing with the sales factor that specifically states what shall be included in the antecedent term of the sales ratio used by "a manufacturing or mercantile enterprise * * *". As will also be noted from said hereinbefore quoted special provision, said antecedent term—in cases involving such an enterprise—includes sales wherein goods or materials are *shipped* by the taxpayer *from points outside* Oklahoma to points within this State. Said provision says nothing about where title to the merchandise involved in the sales passes from the taxpayer to the purchaser, nor does it require, in order for the proceeds of such sales to be included in the antecedent term used in that ratio, that such sales be initiated and/or consummated within the boundaries of Oklahoma. If that provision (of sub-paragraph (3)) governs—as we shall see it must—then whether or not the sales embraced within its special definition of "antecedent term" are sales within, or without, Oklahoma, under the general law, or other statutes, or other provisions of the same statute, becomes irrelevant and immaterial. That said provision is conclusive of the matter cannot be doubted in view of the old and familiar principle:

" * * * that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the same provision must be taken to affect only such cases within its general language as are not within the provision of the particular provision." 50 Am.Jur., "Statutes", sec. 367.

This principle has been consistently adhered to by this Court since before Statehood (see Atchison, T. & S. F. R. Co. v. Haynes, 8 Okl. 576, 58 P. 738); and, we recognized in both Palmer v. King, 75 Okl. 276, 183 P. 411, and In re State Treasury Note Indebtedness, 185 Okl. 10, 90 P.2d 19, 25, that where general terms or expressions in one part of a statute may appear (or be interpreted as being) inconsistent with more specific or particular provisions in another part, "the particular provision will be given effect, as a clearer and more definite expression of the legislative will." The opinion of the Minnesota Supreme Court in Western Auto Supply Co. v. Commissioners of Taxation, 245 Minn. 346, 71 N.W.2d 797, furnishes appellant's contention no support, because that State's law does not have the above quoted special provision applying to manufacturing or mercantile enterprises. The provision herein applied does not authorize the direct taxing of income accruing from out of state sales, nor purport to direct what shall be considered as "sales within Oklahoma" for the purpose of their direct taxation. Instead, said provision merely prescribes what shall be included in the antecedent term of one of the ratios, or factors, in a formula prescribed for an arbitrary mathematical calculation of what part of the taxpayer's income everywhere shall be considered as Oklahoma income.

 Nor does our State Income Tax Law adhere to the customary layman's conception of the deductibility of income tax payments generally, in tabulating expenses, and computing net income. As noted from the part of the "(2)" factor,

hereinbefore quoted, the ratio, therein described, includes only "expenditure in furtherance of the enterprise, for *direct costs of operation* within Oklahoma to the total of *such* expenditures everywhere." Subparagraph (g) (2) then defines "direct costs of operation" as *not* including (among other things) " * * * taxes * * * ". Sec. 880 of the Act provides, in part, as follows:

"In computing the net income there shall be allowed as deductions from gross income: * * *

"(c) Taxes paid (* * *) within the taxable year, expect:

* * * * * *

"(i) In the case of *any taxpayer whose total income is derived from sources within and/or without Oklahoma*, there shall be allowed, as a deduction from the gross income derived from property owned and/or business transacted in Oklahoma, only a fair, reasonable and just proportion of all deductions of such taxpayer, enumerated in sub-sections (a) to (h), inclusive, of this Section; *provided, further, that no taxpayer shall be permitted to include as a deduction from income tax under this Act, any portion of any such deductions, not attributable to property owned and/or business transacted within this State: * * * ."* (Emphasis ours.)

The Commission argues that the trial court's judgment allowing, in the computation of appellant's Oklahoma income for the years in question, deduction of the income taxes appellant paid other states for those years, is in direct violation of the above-quoted provisions. (In the recovery allowed appellant by said judgment, this ruling accounts for the principal sum of $275.43, plus $62.19 interest.) On the other hand, appellant argues that the above-quoted provision of sub-section (c), rather than the quoted proviso of sub-section (i), applies; and therefore that, in arriving at the total income, or income "everywhere", figure, that should be divided by the arith-

metical average, or fraction, produced by use of the three-factor formula (in order to determine how much of such total income is taxed as attributable to Oklahoma) sub-section "(c)" governs and authorized the deduction, from said figure, of income taxes paid other states. Appellant says this is the only reasonable view because it is only "net", rather than "gross", income, that is taxed. We do not agree. Whether the Act makes taxable the true, or layman's, conception of "net" income is beside the point. The important thing is that the Act specifies the various items of deduction that shall be used in arriving at the taxpayer's "income everywhere." And, here again, the Act has a special provision applicable to *taxpayers whose total income is derived from sources, without, as well as within the State.* That special provision, in substance, specifies that the portion thereof that (by the three-factor method) is attributed to Oklahoma, and which (within that expression as used in said sub-section (i), supra) is the "income taxed under this Act", *shall not be reduced by* subtracting therefrom "any such deductions (those authorized by sub-sections (a) and (h), including taxes) *not attributable to * * * business transacted within this State*; * * * ". Of course, income taxes paid to states other than Oklahoma, on income derived from business transacted in those states, are "deductions *not* attributable to * * * business transacted *within this State*." The interpretation urged by appellant would wholly ignore this; and, like its already dealt with contention as to the applicable definition of "antecedent term", would violate the rule that statutes "should be given a construction which renders every word and sentence operative rather than" one which would render some words or sentences idle and nugatory. See Simmons v. Benson, 206 Okl. 539, 244 P.2d 1126. We, therefore, conclude that the income taxes appellant paid other states in which it operates, for the years involved in this action, were not deductible from that part of its income attributable, under the unitary business, or three-factor,

**420**

formula, to Oklahoma during those years. Accordingly, the Commission did not err in ignoring in its assessment, such claimed deductions, and the trial court erred in allowing appellant a recovery on the basis of a computation allowing such deductions.

 We are aware of the rule that where a tax statute is ambiguous and its meaning doubtful, it is usually to be construed against the Government, and in favor of the taxpayer (51 Am.Jur., "Taxation", sec. 316), but the statute involved here (when considered as a whole, with its special provisions recognized as applying to certain categories of taxpayers and excluding application to them of its general provisions) is not ambiguous, so there is no valid ground for applying that rule. See Fox-Vliet Wholesale Drug Co. v. Chase, Okl., 288 P.2d 391; State ex rel. Ogden v. Hunt, Okl., 286 P.2d 1088, 1091. Furthermore, there is no room here for equitable considerations. The levying of taxes is purely statutory, and tax statutes must be administered as written. 51 Am.Jur., page 615, at note 19. If the present statute is to be changed, or the special provisions herein applied are to be nullified, or deleted from it, that is the prerogative of the Legislature—not the courts.

As appellant, as hereinbefore shown, has acquiesced in one of the Commission's contentions of error regarding the trial court's judgment, and we have determined the correctness of the Commission's other two contentions of error, it follows that said judgment should have upheld the Commission's order in toto and denied appellant any recovery whatsoever of the income taxes involved herein. Said judgment is therefore affirmed in so far as it upheld said order, and reversed to the extent that it did not.

CORN, V. C. J., and DAVISON, WILLIAMS and JACKSON, JJ., concur.

WELCH, C. J., and HALLEY, JOHNSON and CARLILE, JJ., dissent.