751 P.2d 1070 (1988)
In the Matter of INCOME TAX PROTEST OF ASHLAND EXPL., INC.
ASHLAND EXPLORATION, INC., Appellant,
v.
STATE of Oklahoma, ex rel. OKLAHOMA TAX COMMISSION, Appellee.
No. 66797.
Supreme Court of Oklahoma.
March 8, 1988.
Ronald L. Brown, Oklahoma City, Larry A. Carver, Russell, Ky., for appellant.
J. Lawrence Blankenship, Gen. Counsel, Kris D. Kasper, Oklahoma Tax Com'n, Oklahoma City, for appellee.
*1071 SUMMERS, Justice.
The sole issue in this appeal from an Order of the Oklahoma Tax Commission is whether the Commission or the taxpayer correctly interprets the taxing statute. Because we cannot join in the Commission's reading and interpretation we are compelled to reverse the Tax Commission's Order denying refunds and assessing liability.
The protesting taxpayer is Ashland Exploration, Inc., a corporation organized under the laws of Delaware with its principal place of business in Houston, Texas, and qualified to do business in the state of Oklahoma. Its business, which is carried on partly within and partly without the state of Oklahoma, consists largely of the production and sale of oil and gas.
There are no material facts in dispute, all having been reduced to written stipulation between the parties. The case turns simply on a proper reading of the Oklahoma corporate income tax statutes. At issue are corporate income taxes paid by Ashland for fiscal years ending in 1977 and 1978, and for which Ashland seeks a refund, and those of 1979 which resulted in an assessment of new liability (after credits) in the amount of $327,056.00 against the taxpayer.
Ashland had returned and paid its taxes for 1977 and 1978 as it always had, that being on a direct accounting basis which separately allocated to the State of Oklahoma and its taxing authorities all income earned on its oil and gas production from within this state, as it believed it was required to do. For the year ending in 1979 it revised its return to that of a unitary company with a three-factor formula apportionment basis, as it believed a change in the statutory law permitted it to do. A hearing before an Administrative Trial Judge in April, 1986, resulted in a ruling favorable to the Commission. The Tax Commission en banc adopted the findings, conclusions and recommendations of the Trial Judge, resulting in a June 2, 1986 Order denying refunds for 1977 and 1978 and fixing the amount of new liability for 1979 as previously mentioned. Ashland has appealed.
We note that in the Tax Commission proceeding Ashland additionally attacked the taxing statute as being offensive to the Due Process Clause and/or Commerce Clause of the U.S. Constitution. These arguments are not repeated on appeal, however, and are deemed to have been abandoned. All parties now agree that the sole issue for decision on appeal is the proper construction, interpretation and application of the statute, and specifically 68 O.S.Supp. 1978 § 2358(A)(3) and (4).
That statute, insofar as herein relevant, provided:
"§ 2358. Adjustments to arrive at Oklahoma taxable income and Oklahoma adjusted gross income.
A. Taxable income and, where use of adjusted gross income is necessary, i.e., required by this act, adjusted gross income shall be adjusted as follows to arrive at Oklahoma taxable income and Oklahoma adjusted gross income:
.....
3. Net income or loss from a business activity, which is not a part of business carried on within and without the state of a unitary character, shall be separately allocated to the state in which *1072 such activity is conducted. Items of the following nature shall be allocated as indicated:
a. income from real and tangible personal; property, such as rents, oil and mining production or royalties, and gains or losses from sales of such property, shall be allocated in accordance with the situs of such property;
b. income from intangible personal property, such as interest, dividends, patent or copyright royalties, and gains or losses from sales of such property, shall be allocated in accordance with the domiciliary situs of the taxpayer, except that:
(1) where such property has acquired a business or commercial situs apart from the domicile of the taxpayer such income shall be allocated in accordance with such business or commercial situs; ...
(2) income from such property which is required to be allocated under the provisions of subsection A, paragraph 4, hereof of shall be allocated as herein provided;
c. allowable deductions attributable to items separately, allocatable in subparagraphs a and b hereof, whether or not such items of income were actually received, shall be allocated on the same basis as those items;
d. the amount of any net operating loss deduction allowed to a taxpayer for federal income tax purposes shall be reduced to an amount which is the same portion thereof as the loss from sources within this state, as determined under this section and Section 2362 of this title, for the taxable year in which such loss is sustained is of the total loss for such year;
.....
4. the net income or loss remaining after the separate allocation in paragraph 3 above, being that which is derived from a unitary business enterprise, shall be apportioned to this state on the basis of the arithmetical average of three factors consisting of property, payroll and sales or gross revenue enumerated below as a, b and c. Net income or loss as used in this paragraph includes that derived from patent or copyright royalties, purchase discounts, and interest on accounts receivable relating to or arising from a business activity, the income from which is apportioned under this subsection, including the sale or other disposition of such property and any other property used in the unitary enterprise. Deductions used in computing such net income or loss shall not include taxes based on or measured by income." (emphasis added)
A business that operates in more than one state is a "unitary business" for income tax purposes when operations conducted in one state benefit and are benefited by operations in one or more other states where the various aspects are so interdependent and of such mutual benefit that they are considered to form one integral business. Oklahoma Tax Commission v. Southwestern Bell Telephone Co., 396 P.2d 500, 504 (Okl. 1964); Webb Resources Inc. v. McCoy, 194 Kan. 758, 401 P.2d 879 (1965); Maurice L. Rothschild and Co. v. Commissioner of Taxation, 270 Minn. 245, 133 N.W.2d 524 (1965). The Tax Commission has herein stipulated that Ashland is engaged in "a unitary business operation", carried on partly within and partly without the State of Oklahoma.[1]
The Tax Commission argues that income from real and personal property such as oil production is allocated to the state from which it is produced under § 2358(A)(3)(a). Ashland reminds us of the lead sentence in that subparagraph 3:
"3. net income ... from a business activity, which is not a part of business carried on within and without the state of a unitary character, shall be separately allocated to the state....
a. [I]ncome from real and tangible personal property such as ... oil production ... shall be allocated in accordance with the situs of the property.
b. [I]ncome from intangible personal property ... shall be allocated in accordance with the domiciliary situs of the taxpayer....

*1073 4. The net income ... remaining after the separate allocation paragraph 3 above, being that which is derived from a unitary business enterprise, shall be apportioned to the state on the basis of the arithmetical average of three factors...." (emphasis added)
Ashland suggests that subparagraph 3 provides for taxation of income of a non-unitary nature by way of allocation, and that subparagraph 4 provides for taxation of income from a unitary operation by the apportionment method. That is, after all, what the statute seems to say.
In Oklahoma, as in all other states, there is a cardinal principle of statutory construction that "where the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning." Wade v. Brown, 516 P.2d 526 (Okl. 1973) quoting In re Guardianship of Campbell, 450 P.2d 203 (Okl. 1966). Further, statutes are to be construed by reading their provisions with the ordinary and common definitions of the words used, and we must assume that the law-making authority intended for them to have the same meaning as that attributed to them in ordinary and usual parlance. Riffe Petroleum Co. v. Great Nat. Corp., Inc., 614 P.2d 576 (Okl. 1980).
The Commission argues that income from oil and gas production has always been allocated to the state of production since the state income tax was made applicable to corporations in 1931.[2] The argument is not persuasive. Only in 1971 did the legislature add the critical opening sentence to Subparagraph 3 limiting the allocation method to non-unitary income. Then in 1981 the offending sentence was legislatively excised.[3] Additionally the record discloses that the Commission has taxed certain income from intangible property (mentioned in subparagraph 3b and occupying a like position in the statutory chart as oil income in subparagraph 3a) under the apportionment formula of subparagraph 4.
The Commission further urges that the Court read the taxing statute as a whole to arrive at the result it advocates. In reading it as a whole, however, we are unable to so agree, because the Commission's interpretation would require us to totally ignore significant language in both subparagraphs 3 and 4 making provisions as to which sort of income shall be allocated and which shall be apportioned.
The plain and ordinary meaning of Section 2358 A as it existed at the time in question was that: (1) income from business of a non-unitary nature was to be allocated to the state in which the property is located or the activity is conducted (as per subparagraph 3); and (2) income from unitary business operations which are conducted partly within and partly without Oklahoma was to be apportioned on the basis of the statutory three-factor formula (as per subparagraph 4). The statute distinguishes between income derived from unitary business activities and income not so derived.
The parties' stipulations that Ashland was engaged in a unitary business operation do not demonstrate whether the income received by Ashland was completely of a unitary nature. Ashland admits that a unitary business operation may receive income of a non-unitary nature which may be directly allocated pursuant to § 2358(A)(3).[4] The record before us does not reflect that a determination was made by the Tax Commission as to whether any of the Ashland income under consideration was of a nonunitary nature.
The Order of the Tax Commission of June 2, 1986 is set aside. The matter is remanded to the Commission for the purpose of determining Ashland's proper income tax liability for the years in question pursuant to 68 O.S.Supp. 1978 § 2358(A)(3) and (4) and any other applicable taxing statutes, the use of which would not be inconsistent with this opinion.
*1074 DOOLIN, C.J., LAVENDER and SIMMS, JJ., and REYNOLDS, S.J. (appointed in place of WILSON, J., who recused by reason of judicial discretion and not for cause), concur.
HARGRAVE, V.C.J., and HODGES, OPALA and KAUGER, JJ., dissent.
NOTES
[1] Stipulation of Facts, numbers 12 and 13.
[2] See 68 O.S. 1941 § 878(e).
[3] See 68 O.S. 1981 § 2358A(4).
[4] Appellant's Reply Brief at P. 10.