Dear Representatives, Bill Widener,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. May a city or municipality adopt a building code which isless stringent than a building code adopted by the State?
 2. May a city or municipality adopt mechanical, electrical orplumbing codes which are less stringent than any such codesadopted by the State?
 3. If a city or municipality has adopted the same mechanical,electrical and plumbing codes as the State, may portions of thoselocally enforced codes be less stringent than the standards setby the State?
 4. If a city or municipality has adopted the same mechanical,electrical or plumbing codes as the State, may that city ormunicipality operate under an edition of the codes older thanthose under which the State operates?
 5. When the BOCA (Building Officials Code AdministratorsInternational, Inc.) Mechanical Code for instance is lessstringent than the National Fire Prevention Code, which codeprevails?
 6. When there is a conflict between state law and a citycharter regarding the stringency of building, mechanical,plumbing and electrical codes, which one prevails?
 I. BUILDING, MECHANICAL, ELECTRICAL AND PLUMBING CODES
¶ 1 An examination of the Oklahoma Statutes reveals that the Oklahoma Legislature has enacted several statutes which provide guidance regarding the use of building, mechanical, plumbing and electrical codes in the state of Oklahoma. The subject of building codes will be dealt with first.
 A. Building Codes
¶ 2 Title 11 O.S. 14-107(B) (1990) reads as follows:
 A municipality which adopts building standards shall adopt and enforce one of the following codes:
 1. The BOCA Basic Building Code of the Building Officials and Code Administrators International, Incorporated; or
 2. The Uniform Building Code of the International Conference of Building Officials; or
 3. The Southern Standard Building Code of the Southern Building Code Congress, International, Incorporated; or
 4. The Code for Energy Conservation in New Building Construction prepared by the National Conference of States on Building Codes and Standards, Inc. (NCSBCS); or
 5. Any other code which the governing body of the municipality deems desirable to promote safety, energy efficiency, health, and welfare within the municipality.
¶ 3 As set out above, 11 O.S. 14-107(B), gives municipalities the discretion to adopt essentially any building code which the municipality determines will serve to "promote safety, energy efficiency, health, and welfare within the municipality."
¶ 4 Title 74 O.S. 324.7 (1990) authorizes the State Fire Marshal Commission to adopt rules and regulations on matters relating to:
 the safeguarding of life and property from the hazards of fire and explosion arising from storage, handling, transportation, and use of flammable and combustible materials, and from conditions hazardous to life or property in the use or occupancy of buildings or premises[.]
¶ 5 Title 74 O.S. 324.8 (1990) provides in pertinent part as follows:
 The rules and regulations promulgated pursuant to this act shall have uniform force and effect throughout the state and no municipality or subdivision shall enact or enforce any ordinances, rules or regulations of lesser standards than the Building Officials and Code Administrators (BOCA) National Building Code, as last revised, the Southern Standard Building Code Congress International (SBCCI), or the Uniform Building Code (ICBO); except that a municipality or subdivision which requires permits for construction or major alterations of buildings may elect to adopt, by ordinance, the Uniform Building Code of the International Conference of Building Officials; the Southern Standard Building Code of the Southern Building Code Congress; or the Building Code of the Council of American Building Officials (CABO); provided, nothing in this act shall prevent or take away from any city, town or county, the authority to enact and enforce rules and regulations containing higher standards and requirements than those provided herein.
¶ 6 As set out above, 74 O.S. 324.8, provides that no municipality or subdivision may enact or enforce any ordinances, rules or regulations of lesser standards than the Building Officials and Code Administrators (BOCA) National Building Code, as last revised, the Southern Standard Building Code Congress International (SBCCI), or the Uniform Building Code (ICBO). It should be noted that 74 O.S. 324.8 allows municipalities to enact and enforce rules and regulations containing higher standards than these three specified codes.
¶ 7 74 O.S. 324.8 carves out an exception for municipalities which require permits for building construction and major building alteration. That exception provides that municipalities which require permits for building construction or alteration may elect to adopt (by ordinance) the Uniform Building Code of the International Conference of Building Officials, the Southern Standard Building Code of the Southern Building Code Congress or the Building Code of the Council of American Building Officials (CABO).
¶ 8 Title 74 O.S. 324.11(A) (1990) provides that a permit must be obtained for the construction of, major alteration of or for the installation of original equipment for the operation or maintenance of any building or structure to be used as a school, hospital, church, apartment house, rooming house, rest home, nursing home, day nursery, convalescent home, orphanage, auditorium, and that such permit must be obtained from the city, town or county where the construction is planned.
¶ 9 Title 74 O.S. 324.11(B) (1990) provides that the construction or alteration of the structures listed in subsection (A) must conform to the applicable provisions of the BOCA National Building Code, as last revised, the Southern Standard Building Code Congress International (SBCCI), or the Uniform Building Code (ICBO). Subsection (B) carves out an exception for cities, towns or counties having jurisdiction to issue permits and which have adopted one of the other building codes designated in 74 O.S. 324.8 of this title and provides that such construction or alteration must conform to the other code so adopted.
¶ 10 Regarding the construction or major alteration of any building or structure to be used as a school, hospital, church, apartment house, rooming house, rest home, nursing home, day nursery, convalescent home, orphanage or auditorium, 74 O.S.324.11(C) (1990) provides that the application for a building permit for such construction must be made to, and such building permit must be issued by the city, town or county in whose jurisdiction the construction or alteration is planned. That city, town or county may require that plans and specifications covering the proposed construction or alteration be submitted and may refuse to issue such permit unless the work so planned is in accordance with the applicable provisions of the city, town or county's building code. Subsection (C) further provides that in geographical areas where such a permit is not required by local authorities, a permit for the construction or alteration of the particular buildings or structures listed above must be obtained from the State Fire Marshal. The State Fire Marshal may require the submission of plans and specifications covering the proposed construction or alteration, and must refuse to issue such permit unless the work so planned is in accordance with the applicable provisions of the BOCA National Building Code, as last revised, the Southern Standard Building Code Congress International (SBCCI), or the Uniform Building Code (ICBO).
¶ 11 Having set forth the various applicable statutes in which the Legislature has provided guidance regarding the use of building codes in the State of Oklahoma, the next step is to determine how the statutes fit together.
¶ 12 Pursuant to the rulemaking authority bestowed upon the State Fire Marshal Commission in 74 O.S. 324.7 (1990), the Commission has incorporated by reference into its rules and regulations the 1990 BOCA Basic Building Code. Pursuant to 74O.S. 324.8 (1990), the 1990 BOCA Basic Building Code has uniform force and effect throughout the state with regard to the safeguarding of life and property from the hazards of fire and explosion arising from storage, handling, transportation and use of flammable and combustible materials and from conditions hazardous to life or property in the use or occupancy of buildings or premises.
¶ 13 Your first question asks whether a city or municipality may adopt a building code which is less stringent than the building code adopted by the state. Different statutes concerning the same subject matter must be construed together and harmonized so as to give effect to each. Johnson v. Ward, 541 P.2d 182,186 (Okla. 1975). Construing 11 O.S. 14-107(B) (1990) together with 74 O.S. 324.8 (1990) and harmonizing the two so as to give effect to each, the conclusion* reached is that municipalities which adopt building standards may adopt any building code they desire, as long as the fire safety and fire prevention provisions of the building code so adopted are no less stringent than the fire safety and fire prevention provisions of the Building Officials and Code Administrators (BOCA) National Building Code, as last revised, the Southern Standard Building Code Congress International (SBCCI) or the Uniform Building Code (ICBO). A municipality or subdivision which requires permits for construction or major alteration of buildings may elect to adopt by ordinance the Uniform Building Code of the International Conference of Building Officials, the Southern Standard Building Code of the Southern Building Code Congress or the Building Code of the Council of American Building Officials (CABO).
¶ 14 Pursuant to the rules and regulations adopted by the State Fire Marshal Commission, the 1990 BOCA Basic Building Code sets the standard to be used by the State Fire Marshal in enforcing the State Fire Marshal's statutory obligation to safeguard life and property from the hazards of fire and explosion arising from storage, handling, transportation and use of flammable and combustible materials and from conditions hazardous to life or property in the use or occupancy of buildings or premises. When a city or municipality chooses to adopt a building code, however, the fire safety and fire prevention provisions of the code so adopted may not be less stringent than the fire safety and fire prevention provisions of any of the three codes provided in 324.8, those being the Building Officials and Code Administrators (BOCA) National Building Code, as last revised, the Southern Standard Building Code Congress International (SBCCI) or the Uniform Building Code (ICBO). Municipalities may enforce fire safety and fire prevention provisions which are more stringent than the fire safety and fire prevention provisions of the codes designated in 74 O.S. 324.8.
 B. Mechanical and Electrical Codes
¶ 15 The Mechanical Licensing Act is found in 59 O.S. 1850.1
(1990) et seq. 59 O.S. 1850.3 provides that the State Board of Health shall have the power to promulgate rules and regulations necessary to implement the provisions of the Mechanical Licensing Act, adopt standards for mechanical work and establish minimum standards of mechanical installations in the state of Oklahoma.
¶ 16 In the Rules and Regulations Governing Mechanical Licensing, the State Board of Health incorporated the 1990 BOCA Mechanical Code by reference as the minimum standard of performance for all persons governed by the Mechanical Licensing Act. Since the Oklahoma statutes authorize the State Board of Health to establish minimum standards for mechanical installations in Oklahoma, and the Board has adopted the 1990 BOCA Mechanical Code as the minimum standard of performance, the 1990 BOCA Mechanical Code is the state adopted code.
¶ 17 The Electrical License Act is found in 59 O.S. 1680
(1990) et seq. Section 1681 authorizes the State Board of Health to adopt rules and regulations governing the examination and licensing of electrical contractors and journeymen electricians, the defining of categories and limitations for such licenses, the establishment of bonding and insurance requirements, the requirement of proof of possession of a Federal Tax ID Number and a State of Oklahoma Employment Security Commission identification number, the registration of electrical apprentices and the standard of electrical installations.
¶ 18 Title 59 O.S. 1693(A) (1990) provides as follows:
 Any city or town in this state may prescribe rules, regulations and standards for the materials used and the construction, installation and inspection of all electrical work in connection with any building, structure or conveyance in such city or town provided that no electrical work shall be done without a permit first being obtained from such city or town. This permit may be issued upon such terms and conditions as the city or town may prescribe.
¶ 19 Title 59 O.S. 1696 (1990) provides, in pertinent part, as follows:
 Nothing in the Electrical License Act shall prohibit cities and towns from having full authority to provide supervision and inspection of electrical facilities by the enactment of codes, ordinances, bylaws, rules and regulations in such form as they may determine and prescribe; provided, that no such codes, ordinances, bylaws, rules or regulations shall be inconsistent with the Electrical License Act, or any rule or regulation adopted or prescribed by the State Board of Health as authorized by the Electrical License Act.
¶ 20 Title 59 O.S. 1682 (1990) defines electrical facilities as "all wiring, fixtures, appurtenances, and appliances for, and in connection with, a supply of electricity within or adjacent to any building, structure or conveyance on the premises but not including the connection with a power supply meter or other power supply source."
¶ 21 In the Rules and Regulations for the Electrical Industry, the Oklahoma State Board of Health incorporated by reference the 1990 National Electrical Code as the minimum standard for installation, repair, maintenance or renovation of electrical facilities in the state of Oklahoma. Since the Oklahoma statutes authorize the Oklahoma State Board of Health to adopt rules and regulations governing the standard of electrical installations and since the Board has adopted the 1990 National Electrical Code as the minimum standard for installation, repair, maintenance or renovation of electrical facilities in the state, the 1990 National Electrical Code is the state adopted electrical code.
¶ 22 Your second question asks whether a city or municipality may adopt a mechanical or an electrical code which is less stringent than that adopted by the state. The applicable statutes authorize the State Board of Health to establish minimum standards for mechanical installations and to adopt rules and regulations governing standards for electrical installations, and the Board has adopted the 1990 BOCA Mechanical Code as the minimum standard of performance for mechanical installation and the 1990 National Electrical Code as the minimum standard for electrical installations in the state. Applying two well established rules of statutory construction, that the intent of statutory construction is to ascertain and follow the intent of the Legislature, Hess v. Excise Board of McCurtain County,698 P.2d 930, 932 (Okla. 1985) and that statutes must be interpreted in accordance with the plain ordinary meaning of the language used in the statutes, Matter of Income Tax Protest of AshlandExploration, Inc., 751 P.2d 1070, 1073 (Okla. 1988), we conclude that a city or municipality may adopt neither a mechanical code which is less stringent than the State adopted 1990 BOCA Mechanical Code nor an electrical code which is less stringent than the State adopted 1990 National Electrical Code.
¶ 23 Your third question asks when a city or municipality has adopted the same mechanical or electrical code as the state, may portions of those locally enforced codes be less stringent than the standards set by the state. For the same reasons given in answer to your second question in the preceding paragraph, a city or municipality which has adopted the same mechanical or electrical code as the state may not enforce less stringent standards than those set by the state.
¶ 24 Neither the Mechanical Licensing Act nor the Electrical License Act contain language forbidding a city or municipality from enforcing more stringent standards than those provided in either the 1990 BOCA Mechanical Code or the 1990 National Electrical Code.
¶ 25 Your fourth question asks whether a city or municipality which has adopted the same mechanical or electrical codes as the state may adopt an edition of those codes older than those adopted by the state. We have already established that the state has adopted the 1990 editions of both the BOCA Mechanical Code and the National Electrical Code as the minimum standard for mechanical and electrical installations in the state. Keeping in mind the earlier established premise that a municipality may not adopt a mechanical or electrical code which is less stringent than either the 1990 BOCA Mechanical Code or the 1990 National Electrical Code, to state that a municipality may not adopt older versions of these codes assumes that the codes become more stringent with every update. It is conceivable that a later edition of these codes could be less stringent than an earlier edition. Given a scenario wherein this latter statement is the case, a municipality adopting an earlier, more stringent edition would meet the applicable stringency requirements of the state adopted minimum standard. Thus, it appears that the same provision of different editions of either the mechanical or the electrical codes would have to be compared to determine whether adoption of an older edition or the enforcement of a particular provision from an older edition results in failure to meet the stringency requirements of the 1990 BOCA Mechanical Code or the 1990 National Electrical Code adopted by the state. The question of stringency is a factual question which cannot be answered in an official Attorney General opinion.
 C. Plumbing Codes
¶ 26 Title 59 O.S. 1002 (1990), authorizes the State Board of Health to make rules and regulations governing the examination and licensing of persons who engage in the business of master plumber (plumbing contractor) or journeyman plumber, the registering of and issuing of certificates to persons who act as a plumber's apprentice, and to establish bonding requirements for the issuance of a license as a plumbing contractor.
¶ 27 Title 59 O.S. 1015 (1981) further provides:
 Each city and/or incorporated town with a population of two thousand (2,000) or more in the state, having a system of water supply or sewerage shall, and any incorporated town, or any sewer district commission may, by ordinance or regulation, prescribe rules and regulations for the material, construction, installation and inspection of all plumbing and sewerage placed in, or in connection with any building, structure, or conveyance in such city, town or sewer district, and the board of health or other proper authority of such city, town or sewer district shall further provide that no plumbing work shall be done, except in the case of repairing leaks, without permit being issued therefor upon such terms and conditions as such city, town or sewer commission shall prescribe.
¶ 28 Title 59 O.S. 1020 (1981) provides in pertinent part as follows:
 Nothing in this Act shall prohibit cities and towns from having full authority to provide full supervision and inspection of plumbing by the enactment of codes, rules and regulations in such form as they may determine and prescribe; provided, that no such ordinances, by-law, rule or regulation shall be inconsistent with this act, or any rule or regulation adopted or prescribed by the State Board of Health through authority of this act.
¶ 29 In the Rules and Regulations Governing Plumbers, the Oklahoma State Board of Health provides that the 1990 edition of the Building Officials and Code Administrators (BOCA) National Plumbing Code will be the applicable regulation for the installation of plumbing where no ordinance or regulation of a governmental subdivision applies. Thus, the 1990 BOCA National Plumbing Code is the state adopted code; however, the State Board of Health, through its rules and regulations, has opted to make the 1990 BOCA National Plumbing Code inapplicable to cities and municipalities which have adopted ordinances or regulations with regard to the installation of plumbing. The language of 59 O.S.1020 (1981) allows cities and towns to enact codes, rules and regulations regarding the supervision and inspection of plumbing.59 O.S. 1020 also provides that any such codes, rules or regulations enacted by cities and towns must not be inconsistent with any rule or regulation adopted by the State Board of Health. Thus, the Oklahoma statutes governing plumbing allow the State Board of Health to set a statewide minimum standard, but the Board has limited the application of its own rules by excluding cities and towns which have enacted ordinances or regulations of their own.
¶ 30 In answer to your question regarding whether a city or municipality may adopt a plumbing code which is less stringent than the plumbing code adopted by the state, the language used in the Rules and Regulations Governing Plumbers indicates that a city or municipality may adopt a plumbing code which is less stringent than the plumbing code adopted by the state. The Rules and Regulations Governing Plumbers provide that the 1990 Building Officials and Code Administrators (BOCA) National Plumbing Code will be the applicable regulation for plumbing installation where no ordinance or regulation of a governmental subdivision applies. Thus, in cities or municipalities which have no such ordinances or regulations, the 1990 BOCA National Plumbing Code will be the applicable regulation for plumbing installation; cities and municipalities which enact ordinances or regulations regarding plumbing installation may adopt a plumbing code less stringent than the 1990 BOCA National Plumbing Code.
 II. CONFLICTING PROVISIONS OF STATE ADOPTED CODES
¶ 31 In your fifth question, you ask, under state law, which code prevails when, for example, the state adopted BOCA Mechanical Code is less stringent in a particular area than the state adopted Fire Prevention Code. Well established rules of statutory construction provide that different statutes addressing the same subject matter must be construed together and harmonized so as to give effect to each. Johnson v. Ward, 541 P.2d 182,186 (Okla. 1975). Enforcing the more stringent of the two provisions will allow effect to be given to both provisions because when the most stringent provision is met, the least stringent provision is met as well.
 III. LOCAL CONCERN VERSUS STATEWIDE INTEREST
¶ 32 The conclusions offered in this opinion thus far also hold true with regard to "home rule" or charter cities. Pursuant to Article XVIII, Section 3(a) of the Oklahoma Constitution and 11O.S. 13-101 (1981), any city or town containing a population of at least two thousand (2,000) inhabitants may frame a charter for its own government. Although provisions of a city charter may not contravene state constitutional provisions, In re Supreme CourtAdjudication of Initiative Petitions in Norman, Oklahoma Numbered74-1 and 74-2, 534 P.2d 3, 8 (Okla. 1975), the provisions of a city charter prevail when they conflict with state law as to purely municipal matters or local concerns. Vinson v. Medley,737 P.2d 932, 936 (Okla. 1987); City of Muskogee v. Senter,96 P.2d 534, 535 (Okla. 1939). General laws of the state which address matters of statewide concern, however, control over conflicting charter provisions. City of Pryor Creek v. PublicService Company of Oklahoma, 536 P.2d 343, 346 (Okla. 1975).
¶ 33 Building, mechanical, electrical and plumbing codes are matters which affect public health. Public health matters are generally con sidered to be a statewide interest rather than a purely local concern. City of Ecorse v. Peoples CommunityHospital Authority, 58 N.W.2d 159 (Mich. 1953) (public health is a matter of state concern); City of Flagstaff v. AssociatedDairy Products Co., 255 P.2d 191 (Ariz. 1953) (public health is a matter of statewide concern); Ainslee v. Lounsberry,275 App. Div. 729, 86 N.Y.S.2d 857 (1949) (matters relating to plumbing and drainage concern public health which is a matter of state concern); Board of Health v. Susslin, 61 So. 661 (La. 1913) (the preservation of the public health is a matter which concerns the state at large).
¶ 34 Because building, mechanical, electrical and plumbing codes are a matter of statewide interest rather than purely local concern, state law will supersede a city charter with regard to the enforcement of such codes when there is a conflict.
¶ 35 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Pursuant to 11 O.S. 14-107 (1990) and 74 O.S. 324.7,74 O.S. 324.8 and 74 O.S. 324.11 (1990), cities andmunicipalities may adopt any building code they desire, as longas the fire safety and fire prevention provisions of the buildingcode 80 adopted are no less stringent than the fire safety andfire prevention provisions of the Building Officials and CodeAdministrators (BOCA) National Building Code, as last revised,the Southern Standard Building Code Congress International(SBCCI) or the Uniform Building Code (ICBO). Pursuant to 74O.S. 324.8 (1990), municipalities or subdivisions which requirepermits for construction or major alteration of buildings mayelect to adopt by ordinance the Uniform Building Code of theInternational Conference of Building Officials, the SouthernStandard Building Code of the Southern Building Code Congress orthe Building Code of the Council of American Building Officials(CABO). Cities and municipalities may enforce fire safety andfire prevention provisions which are more stringent than the firesafety and fire prevention provisions of the codes designated in74 O.S. 324.8 (1990).
 2. Pursuant to 59 O.S. 1850.3 (1990), a city ormunicipality may not adopt a mechanical code which is lessstringent than the State adopted 1990 BOCA Mechanical Code.Pursuant to 59 O.S. 1681, 59 O.S. 1693 and 59 O.S. 1696(1990), a city or municipality may not adopt an electrical codewhich is less stringent than the State adopted 1990 NationalElectrical Code. A city or municipality may adopt a mechanical orelectrical code which is more stringent than the correspondingState adopted codes.
 3. Pursuant to 59 O.S. 1850.3 (1990) and 59 O.S. 1681,59 O.S. 1693 and 59 O.S. 1696 (1990), when a city ormunicipality has adopted the same mechanical or electrical codesas the state, which are the 1990 BOCA Mechanical Code or the 1990National Electrical Code, portions of those locally enforcedcodes may not be less stringent than the standards set by thestate.
 4. Whether a city or municipality which has adopted the samemechanical or electrical codes as the state pursuant to 59 O.S.1850.3 (1990) and 59 O.S. 1681, 59 O.S. 1693 and 59O.S. 1696 (1990), respectively, may adopt editions of thesecodes older than those adopted by the state, depends upon whichedition of the codes is more stringent. The question ofstringency is a question of fact which cannot be answered in anofficial Attorney General opinion.
 5. Pursuant to 59 O.S. 1002 (1990) and 59 O.S. 1015and 59 O.S. 1020 (1981), the State Board of Health hasadopted the 1990 edition of the Building Officials and CodeAdministrators (BOCA) National Plumbing Code as the applicableregulation for the installation of plumbing, but only where noordinance or regulation of a governmental subdivision applies.Therefore, a city or municipality which adopts ordinances orregulations regarding the installation of plumbing may adopt aplumbing code which is less stringent than the State adopted 1990BOCA Plumbing Code.
 6. Under state law, when provisions of the Fire PreventionCode adopted pursuant to 74 O.S. 324.7 (1990) conflict withprovisions of the state building code also adopted pursuant to74 O.S. 324.7 (1990), the state mechanical code adoptedpursuant to 59 O.S. 1850.3 (1990), the state electrical codeadopted pursuant to 59 O.S. 1681 (1990) or the state plumbingcode adopted pursuant to 59 O.S. 1002 (1990), giving forceand effect to the more stringent provision allows force andeffect to be given to each provision.
 7. Because codes adopted pursuant to the statutes governingcities and towns, 11 O.S. 14-107(B) (1990), the statutesgoverning the State Fire Marshal, 74 O.S. 324.7, 74 O.S.324.8, 74 O.S. 324.11 (1990), the Mechanical Licensing Act,59 O.S. 1850.3 (1990), the Electrical License Act, 59 O.S.1681, 59 O.S. 1693(A), 59 O.S. 1696 (1990) and The PlumbingLicense Law of 1955, 59 O.S. 1002 (1990) and 59 O.S. 1015,59 O.S. 1020 (1981) are a matter of statewide interest ratherthan purely local concern, regarding the enforcement of suchcodes, state law will supersede a city charter adopted pursuantto 11 O.S. 13-101 (1981) and Article XVIII, Section 3(a) ofthe Oklahoma Constitution when there is a conflict.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ALECIA A. GEORGE ASSISTANT ATTORNEY GENERAL
* Conclusion number one was affected by a 1991 amendment to74 O.S. 324.8 (1990)