Dear Representatives Erwin,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
May a hunter, whose dog inadvertently strays from land where thehunter has permission to hunt, onto property where the hunterdoes not have permission to hunt, enter onto that land in orderto retrieve his dog, leash it, and walk it off the property,without violating 29 O.S.Supp. 1994, § 5-202[29-5-202], which prohibitshunting on the land of another without the consent of the owner,lessee or occupant of the land?
¶ 1 The provisions of 29 O.S.Supp. 1994, § 5-202[29-5-202], in pertinent part, make it unlawful to hunt upon the land of another without consent of the owner, and make a violation of the section a misdemeanor:
 A. Except as otherwise provided, no person may hunt upon the land of another without the consent of the owner, lessee or occupant of such land.
. . . .
 C. Any game warden investigating a hunter in the field has the duty to inform the hunter that it is necessary to obtain the consent of the landowner, lessee or occupant to hunt on the particular property. Prosecution for violations of the provisions of this section may be commenced only upon written complaint of such owner, lessee or occupant
filed before any court authorized to punish such violation, or upon written complaint to any game warden or officer authorized to make arrest for such offenses.
 D. No person shall operate a motor-driven conveyance on lands that are fenced and posted or are in cultivation without permission of the landowner, lessee or occupant.
. . . .
 G. Any person convicted of violating any provisions of this section shall be punished by the imposition of a fine of not less than Fifty Dollars ($50,00) nor more than Two Hundred Dollars ($200.00), or by imprisonment in the county jail for thirty (30) days, or by both said fine and imprisonment.
29 O.S.Supp. 1994, § 5-202[29-5-202] (emphasis added).
¶ 2 In reading the provisions of this statute, one must assume the Legislature intended for the words used to have the same meaning as that attributed to them in ordinary and usual parlance. E.g., Matter of Income Tax Protest of Ashland,751 P.2d 1070, 1073 (Okla. 1988). A reading of the above quoted statute, with this principle in mind, reveals that the statute, in addition to prohibiting the operation of a motor-driven conveyance on lands "that are fenced and posted or are in cultivation" without permission of the landowner, lessee or occupant, also requires that no one hunt on the land of another without the consent of the owner, lessee or occupant. That is, the statute's prohibition is directed at entering another's land for a particular purpose — hunting.
¶ 3 Webster's International Dictionary 1103 (3d ed. 1981), defines "hunt" to mean "to follow or search for (game or prey) for the purpose and with the means of capturing or killing: pursue (game or prey) for food or in sport . . . to pursue with weapons and often with trained animals." The dictionary further defines "hunt" to mean "to drive or chase esp. by hounding. . . ." The provisions of 29 O.S.Supp. 1994, § 5-202[29-5-202] prohibit such activities on another's land without consent of the owner, lessee or occupant. The statute's prohibitions speak only to this use of the land and no other. Accordingly, going onto another's land, without permission, for the purpose of retrieving a hunting dog that has inadvertently strayed onto the land, doesnot constitute a violation of 29 O.S.Supp. 1994,§ 5-202[29-5-202].
¶ 4 This conclusion, however, would not apply where the dog's entrance onto the land was not truly inadvertent. The law has long recognized that one may trespass upon the property of another, not only by entering onto another's land, but also by causing an instrumentality — such as a hunting dog or projectile — or third person to do so. See, e.g., Restatement of Torts(2d), §§ 158 and 159. Thus, where a hunter sends his or her hunting dog onto the land of another for the purpose of searching out, hunting for or retrieving game, the hunter violates the provisions of 29 O.S. 1994, § 5-202[29-5-202]. It is only when a hunting dog's entry and presence on another's land is truly inadvertent, that the statute is not violated.[1] Of course, whether a dog's presence on another's land is inadvertent is a question of fact which must be determined on a case-by-case basis.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. A hunter who goes onto another's land without permission fornon-hunting purposes, such as retrieving a hunting dog who hasinadvertently entered the land, does not violate provisions of29 O.S.Supp. 1994, § 5-202[29-5-202], which prohibit hunting uponanother's land without consent of the owner, lessee or occupant;
2. A hunter who goes onto the land of another to retrieve ahunting dog which has not inadvertently wandered onto theland of another, but rather was sent onto the land to hunt,violates the provisions of 29 O.S.Supp. 1994, § 5-202[29-5-202], assuch entry, without permission, would constitute hunting;
3. Whether a hunter, without permission, is in fact upon theland of another solely to retrieve a hunting dog that hasinadvertently strayed onto such land, is a question of fact whichmust be determined on a case-by-case or dog-by-dog basis.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER SENIOR ASSISTANT ATTORNEY GENERAL
[1] This conclusion, however, does not mean that a hunter's entrance onto the land of another for this non-hunting purpose may not constitute a violation of the more general criminal trespass law, 21 O.S. 1991, § 1835[21-1835](A), which in pertinent part provides:
 Whoever shall willfully or maliciously enter the garden, yard, pasture or field of another after being expressly forbidden to do so or without permission by the owner or lawful occupant thereof when such property is posted shall be deemed guilty of trespass and upon conviction thereof shall be fined in any sum not to exceed Two Hundred Fifty Dollars ($250.00)[.]