Dear Chairman Burleigh,
¶ 0 This office has received your request for an official Opinion addressing, in effect, the following questions:
1. Does exemption from licensure contained in 59 O.S. 1991,§ 1251(C) apply exclusively to State agency employees?
 2. What is the definition of "facility" and what is considereda licensed health care facility?
 3. Does the exemption apply to all employees of health carefacilities or only to those health care facilities licensed bythe State?
 4. Does the employee have to work at the physical site of thefacility or can the employee practice away from the facility?
 5. In light of the statutory language, who is considered to bean employee of the State?
¶ 1 All of the above questions deal with the Social Worker's Licensing Act (hereinafter "the Act"), 59 O.S. 1991, §§1250-1273[59-1250-1273], and more particularly the statutory language of 59O.S. 1991, § 1251[59-1251](C) which provides:
 Employees of agencies of the state shall be exempt from the requirements of this act as to the performance of their duties as state employees or health care facilities or employees of health care facilities licensed by the state.
 I.
¶ 2 Your first question regarding whether only State employees are exempt from the statutory licensure requirement has previously been answered, in part. Attorney General Opinion No. 81-281 stated that "[e]mployees of health care facilities licensed by the State are exempt from 59 O.S.Supp. 1980, §§1250-1272.1." That opinion did not, however, discuss any other possible exemptions set out in this statute.
¶ 3 In construing a statute, the cardinal rule is to "ascertain the intent" of the Legislature by considering the language of the statute "as a whole in light of its general purpose." OklahomaJournal Pub. Co. v. City of Oklahoma City, 620 P.2d 452, 454
(Okla.Ct.App. 1979) The intent of the Legislature in enacting 59O.S. 1991, §§ 1250-1273[59-1250-1273] is contained in § 1251(A) which provides, in part:
 In order to safeguard the welfare of the people of the State of Oklahoma, no person shall engage in the practice of social work for compensation or hold himself or herself forth as performing the services of a social worker unless he or she is licensed as a licensed social worker or licensed social worker associate in this state. . . .
¶ 4 From this language it is clear the Legislature intended to enact a statutory scheme which would protect the people of the State from incompetent persons attempting to practice social work. However, determining the exact intent of the language of59 O.S. 1991, § 1251[59-1251](C) which exempts "[e]mployees of agencies of the state . . . or health care facilities or employees of health care facilities licensed by the state" from the requirements of the act is difficult at best.
¶ 5 "Any doubt as to the meaning of a statute may be resolved by reference to its history." Berry v. Public Emp. RetirementSystem, 768 P.2d 898, 899 (Okla. 1989) The Social Worker's Licensing Act, supra, was enacted by House Bill No. 1910 of the 1980 Second Regular Session. As first introduced, the exemption from licensure contained in Section 1251(C) of Title 59 provided that only "[e]mployees of agencies of the state shall be exempt from the requirements of this act as to performance of their duties as state employees." Several months later the bill was amended to add the phrase "or health care facilities or employees of health care facilities licensed by the state." E.H.B. No. 1910 (3/24/80). It is obvious that the Legislature intended to add some additional exemption to the act. What is unclear is exactly who they intended to exempt.
¶ 6 If one construes this section to create three exempt classes: (1) Employees of State agencies in the performance of their duties as State employees, (2) health care facilities and (3) employees of health care facilities licensed by the State, the legislative intent to safeguard the welfare of the people is clearly not reached. To construe the statutory language in such a manner would also lead to an absurd result because health care facilities can only engage in social work through their employees. "[I]napt or inadvertent use of words, phrases or expressions, or use of language of doubtful meaning, will not be permitted to pervert or destroy the . . . otherwise clearly expressed intention." Board of Education, etc. v. Allen,156 P.2d 596 (Okla. 1945). [S]tatutory construction that would lead to an absurdity must be avoided and a rational construction should be given to a statute if the language fairly permits.Ledbetter v. Alcoholic Bev. Laws Enforcement, 764 P.2d 172, 179
(Okla. 1988).
¶ 7 The expressed intention to safeguard the people of this State is clearly reached by construing the exemption in 59 O.S.1991, § 1251[59-1251](C) to apply to only two classes: (1) State employees in the performance of their duties and (2) employees of health care facilities which are licensed by the State. "When the legislative objective appears clear from an examination of the enactment, words may be altered, modified or supplied in order to afford them the force and effect that was doubtless intended."Wilks v. Wilks, 632 P.2d 759, 762 (Okla. 1981).
¶ 8 Therefore, it is clear that the Legislature intended to exempt only State employees and employees of licensed health care facilities from the licensing process.
 II.
¶ 9 Your second question involves defining the term "facility" and determining what is considered a licensed health care facility. In addressing this question, we observe that neither the term "health care facility" nor "facility" is defined in the Act. The usual rule of construction is that whenever a word or phrase "is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears." 25 O.S. 1991, § 2[25-2]; DoleseBros. Co. v. Privett, 622 P.2d 1080, 1084 (Okla. 1981). While there appears to be several definitions of "facility" in various statutes, they are all related to a specific entity, such as nursing facility, milk facility or storage facility. In each of these instances, the definition is so specific that it appears the Legislature plainly intended each definition to apply only to a particular type of facility.
¶ 10 If a term is not defined in the statutory or legislative enactment then one must assume the Legislature intended for the words used "to have the same meaning as that attributed to them in ordinary and usual parlance." Matter of Income Tax Protest ofAshland, 751 P.2d 1070, 1073 (Okla. 1988). Webster's International Dictionary 812 (3d ed. 1981), defines "facility" as "something (as a hospital, machinery, plumbing) that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end." As used in the Act, a health care facility is an entity established to serve an individual's health care needs. Therefore, a licensed health care facility would be considered an entity established to serve an individual's health care needs which operates under the licensing or regulatory authority of a State agency.
 III.
¶ 11 Your third question asks whether employees of health care facilities are exempt from the Act or do they have to be employed by a licensed health care facility to be exempt. The answer to your first question demonstrates that only State employees in the performance of their duties and employees of licensed health care facilities are exempt from the requirements of the Act by 59 O.S. 1991, § 1251[59-1251](C).
 IV.
¶ 12 The fourth question posed is whether the employee has to work at the physical site of the facility. There is no provision in the statutes placing a restriction on an employee's physical location when he or she engages in the practice of social work. As long as the person is either a State employee acting in the performance of his or her duties, or an employee working for a licensed health care facility and acting within the scope of his or her authority, no license is required. The fact that it may be within the scope of the employee's authority to visit individuals at their homes or other places outside the facility premises would not in and of itself require the employee to be individually licensed as a social worker.
¶ 13 This is not to say that an employee of either a State agency or a licensed health care facility can engage in the practice of social work outside the course of their employment without a license. Title 59 O.S. 1991, § 1250.1[59-1250.1](3) defines the "private practice of social work" to mean:
 [T]he practice of social work by an individual who is wholly or in part self-employed and who is responsible for such individual's own practice and professional procedures rather than a salaried employee of an organization or institution.
¶ 14 Therefore an employee who is exempt from the licensure requirements may, in the course of his employment, leave the physical premises of the facility to perform social work but may not engage in the private practice of social work without being individually licensed.
 V.
¶ 15 Your final question is who is considered an employee of the State under the Act. As discussed in the answer to your second question above, if "a word or phrase is defined in any statute, such definition is applicable to the same word or phrase whenever it occurs, except where a contrary intention plainly appears." 25 O.S. 1991, § 2[25-2]. The term employee is defined in51 O.S.Supp. 1994, § 152[51-152](5) as the following:
 "Employee" means any person who is authorized to act in behalf of a political subdivision or the state whether that person is acting on a permanent or temporary basis, with or without being compensated or on a full-time or part-time basis;
a. Employee also includes:
 (1) all elected or appointed officers, members of governing bodies and other persons designated to act for an agency or political subdivision, but the term does not mean a person or other legal entity while acting in the capacity of an independent contractor or an employee of an independent contractor[.]
51 O.S.Supp. 1994, § 152[51-152](5).
¶ 16 Based on the above definition, any person who is designated to act for an agency of the State, except an independent contractor or employee of an independent contractor, would be considered an employee of the State.
¶ 17 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. As stated previously in Attorney General Opinion No.81-281, the exemption from licensure as set out in 59 O.S. 1991,§ 1251[59-1251](C) does not apply exclusively to State agency employees.
 2. As used in 59 O.S. 1991, § 1251(C), a "facility" is anentity established to serve a particular end. A licensed healthcare facility is an entity established to serve an individual'shealth care needs which operates under the licensing orregulatory authority of the State.
 3. Title 59 O.S. 1991 § 1251(C) exempts only employees ofState agencies during the performance of their duties andemployees of licensed health care facilities from being licensedunder the Social Worker's Licensing Act, 59 O.S. 1991 §§1250-1273[59-1250-1273].
 4. An employee who is exempt from being licensed under 59O.S. 1991, § 1251(C) may in the course of his or her employmentleave the physical premises of the facility to perform socialwork, but may not engage in the private practice of social workwithout being individually licensed.
 5. As set out in 51 O.S.Supp. 1994, § 152(5), any personwho is designated to act for an agency of the State except anindependent contractor or the employee of an independentcontractor would be considered an employee of the State.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ROSS N. JOHNSON ASSISTANT ATTORNEY GENERAL